August RISCHERT, Appellant, v. HENRY KUNZ, GARNISHEE, Respondent.

June 22, 1880.

The statutory lien of innkeepers upon the wages of guests cannot be enforced by garnishment.

APPEAL from the St. Louis Circuit Court, THAYER, J. Affirmed.

AUGUST REBENACH, for the appellant, cited: The State ex rel. v. Barada, 57 Mo. 562; Osborne v. Schutt, 67 Mo. 712.

CHARLES E. PEARCE, for the respondent, cited: Epstein v. Salorgne, 6 Mo. App. 352; Mosher v. Banking House, 6 Mo. App. 599; Fenglein v. Railroad Co., 6 Mo. App. 580; Keane v. Banking House, 4 Mo. App. 507.

BAKEWELL, J., delivered the opinion of the court.

This was garnishment on execution before a justice. The execution was issued on a judgment in favor of a boarding-house keeper for the board of the execution defendant. It is contended that the service of the garnishment process and the return of the officer were defective. The trial anew in the Circuit Court was before the court. Evidence was introduced tending to show that the garnishee, at the time of his answer before the justice, admitted that the execution defendant had worked two weeks for the garnishee, and

that the garnishee had owed him $25 for wages for that period, and had paid the man and discharged him the day before answering the interrogatories. The finding and judgment of the Circuit Court were in favor of the garnishee.

The statute provides that no person "shall be charged as garnishee on account of wages due from him to a defendant in his employ for the last thirty days' service." Rev. Stats., sect. 2519. The act of 1878 concerning liens of innkeepers (Rev. Stats., sect. 3168) provides that "hotel and boarding-house keepers shall have a lien upon the baggage and other valuables of their guests and boarders, brought into such inn or boarding-house by such guests or boarders, and upon the wages of such guests or boarders, for their proper charges due from such guests or boarders for their accommodation, boarding, and lodging." This act also provides for the manner in which this lien shall be enforced. The method provided in the act seems to be inapt to enforce a lien against a debt due the boarder, since it provides for a sale of the property on which the lien attaches. The contention would seem to be that, for this reason, the person owing the wages may be summoned as garnishee, although the Garnishment Act, as we have seen, expressly says he shall not. But the two provisions of the General Statutes are not necessarily inconsistent, and one must not be taken as a repeal of the other. The act concerning innkeepers gives a lien upon wages in certain cases. This is a mere abstract right, unless in some way enforced. How it is to be enforced we need not examine. The act itself says that it is to be enforced as provided in sect. 3197 of the General Statutes, which treats of enforcing a livery-stable keeper's lien. Whether the method of enforcement thus pointed out can be made efficacious in case of a debt due, or not, it is the only method pointed out by the act. The case of wages may be a *casus omissus*. But whether the lien can be enforced under the provisions

of the act or not, or whether or not it can be enforced at all, it seems clear that it cannot be enforced by garnishment, because this is expressly prohibited. The judgment of the Circuit Court was, therefore, for the right party, and should be affirmed.

It is unnecessary to examine the questions argued as to the validity of the garnishment proceedings. Judgment affirmed. Judge HAYDEN concurs ; Judge LEWIS is absent.