E. D. HODO, Appellant, *v.* W. BENECKE ET AL.,
Respondents.

January 31, 1882.

1. The section of the statute exempting wages for the last thirty days is not repealed by the statute giving boarding-house keepers a lien upon the wages of their guests.

2. The lien of a boarding-house keeper upon a guest's wages cannot be enforced by garnishment.

3. Where the boarding-house keeper fails to establish his lien, he is entitled to a general judgment for the debt shown to be due for board.

APPEAL from the St. Louis Circuit Court, LINDLEY, J.
*Reversed, and judgment.·*
O. G. HESS, for the appellant.
P. LEAHY, for the respondents.

BAKEWELL, J., delivered the opinion of the court.
This was an action begun before a justice of the peace. Plaintiff alleges that he is a boarding-house keeper in the Twenty-fourth Ward of the city of St. Louis, and that defendant Benecke owes him a balance of $69 on account of six months' board to July 1, 1878, at $18 a month; and that defendant, the Missouri Zinc Company, a corporation, owes Benecke $38.40 for work and labor performed by Benecke for it. Plaintiff asks judgment against Benecke, and that the same be declared a lien upon the wages due him by the Zinc Company, and that these wages be appropriated to the payment of the indebtedness.

On trial anew in the circuit court, the facts stated in the petition of plaintiff were admitted; and it was agreed that the sum due Benecke for wages was for the last two weeks before the suit was brought. Judgment was for defendants.

The act of 1872 (Rev. Stats., sect. 3198), gives to boarding-house keepers a lien upon the baggage and valuables of their guests and boarders, brought into the hotel by the

guest, and upon the wages of such guests. This lien is to be enforced as provided by the act of liens for keeping horses. Rev. Stats., sects. 3196, 3197. On referring to the latter act, it is seen that its provisions are not apt for the enforcement of a lien upon wages. The law provides that, if the lien is established, the property shall be ordered to be sold. Whether there is any way in which the right of lien upon wages can be efficaciously enforced, we need not now inquire. It cannot be enforced by garnishment, where the wages are for the last thirty days' service, because this is expressly prohibited by law. Rev. Stats., sect. 2519. We are further of opinion that the provision of section 2519 is intended to place the wages for the last thirty days beyond the reach of all creditors, and that the statute giving a lien upon wages, which is a subsequent enactment, is not meant to apply to the wages of the last thirty days. The proceeding attempted in the present case against the Missouri Zinc Company, is, in effect, a proceeding to hold that company liable as garnishee, and the circuit court rightly held it to be ineffectual. *Rischert* v. *Kuntz*, 9 Mo. App. 283.

Appellant insists that plaintiff was entitled to a judgment against the principal debtor Benncke, on the admitted facts. The statute as to liens for keeping horses provides that, if plaintiff establishes his indebtedness on the account sued on, but fails to establish his lien, judgment shall be for plaintiff for such indebtedness, but the costs of suit, or any part thereof, may be taxed against him. Notwithstanding the general language of section 3198, it is obvious when the provisions of this statute (sect. 3197) are considered, that they cannot be applied to a case where the attempt is to affix a lien upon wages; they are appropriate only to the case where the lien is to be established against baggage or valuables of the guest. But plaintiff having brought his action under sections 3198 and 3199, in a vain attempt to enforce a boarding-house keeper's lien against

wages, and having established his demand against the boarder, was, we think, entitled to judgment against him. The proceeding was in its nature a proceeding, not merely to recover judgment against Benecke, but to subject to the payment of that judgment wages which the law does not allow the creditor to reach, and which, if there had not been wages of the last month, could not have been reached by this proceeding owing to what seems to be a defect in the law. Benecke, the boarder, admitted the indebtedness on the trial; the Zinc Company alone appealed to the circuit court. Plaintiff does not appear to have called the matter to the attention of the circuit court in his motion for a new trial so as to give that court an opportunity to review its action in entering judgment in favor of both defendants. Whilst it is proper that judgment should be entered here against Benecke alone, all costs should be against the plaintiff.

The judgment is reversed; and judgment will be entered here in accordance with what has just been said. Judge LEWIS is absent; Judge THOMPSON concurs.