WILLIS H. CLARK, Respondent, v. W. F. HAYDOCK, Appellant.

St. Louis Court of Appeals, April 7, 1891.

Liens of Boarding-House Keepers: GARNISHMENTS. The lien of a boarding-house keeper may, since the act of March 31, 1885 (Laws, 1885, pp. 196, 197), be enforced by garnishment; the provisions of that act have not been repealed by subsequent legislation upon the same subject.

Clark v. Haydock.

*Appeal from the St. Louis City Circuit Court.*—Hon. James E. Withrow, Judge.

Reversed.

*Henry M. Pollard*, for appellant.

*H. A. Loevy* and *Willis H. Clark*, for respondent.

Thompson, J.—This is an action on an account for wages earned by one Henry Sieger, who assigned his claim to the plaintiff prior to the bringing of this suit. The amount in controversy is $9.65, with interest. The defense which was set up on the trial in the circuit court was that, in a prior proceeding before a justice of the peace, instituted by Mrs. Carrie L. Hall to enforce the statutory lien of a boarding-house keeper, the defendant Haydock was summoned as garnishee, and appeared in answer to the summons, confessed his indebtedness to Sieger in the sum of $9.65, and paid the money into court; whereupon the court rendered judgment in favor of Mrs. Hall and against Sieger, and adjudged that the money, so paid into court by the garnishee, be applied in satisfaction of the same. To sustain this defense, the defendant put in evidence the proceedings had before the justice to enforce the boarding-house keeper's lien. To obviate this defense, the plaintiff contends that those proceedings were void for want of jurisdiction; and this is the only question in the case, and it is to be judged exclusively by an inspection of the record of those proceedings, which is embodied in the bill of exceptions.

No instructions were asked or given on the trial of this cause; but, as the circuit court rendered a finding and judgment in favor of the plaintiff, the court must have been of opinion that those proceedings before the justice to enforce the boarding-house keeper's lien of Mrs. Hall were void. We find ourselves unable to come to that conclusion.

The chief argument made by the plaintiff against the validity of those proceedings is based on the assumption that, at the time when they were had, there was no statute in force in this state authorizing the use of the process of garnishment in a proceeding to enforce the lien of a boarding-house keeper given by the statute. We are not of this opinion. The lien of boarding-house keepers appears to have been given for the first time by statute in this state in the year 1877. Laws of 1877, p. 296, sec. 1. That statute, as embodied in the revision of 1879, read as follows: " Hotel, inn and boarding-house keepers shall have a lien upon the baggage and other valuables of their guests or boarders brought into such hotel, inn or boarding-house by such guests or boarders, and upon the wages of such guests or boarders, for their proper charges due from such guests or boarders for their accommodation, boarding and lodging, and such extras as are furnished at their request." R. S. 1879, sec. 3198. To this the revisers added the following new section : " The lien provided for in the preceding section shall be enforced as provided in section 3197." Sec. 3199. Section 3197, to which this latter section refers, prescribes a mode of proceeding to enforce the lien given for keeping horses and other animals. The use of the process of garnishment is not prescribed as a part of that mode of proceeding ; so that, as the law stood in the revision of 1879, the boarding-house keeper could not resort to the process of garnishment to enforce his or her lien, unless the circumstances were such that an attachment could be sued out under the chapter of the statutes relating to attachments. This court accordingly held, under the statute as it then stood, that the lien of a boarding-house keeper could not be enforced by garnishment. *Rischert v. Kunz,* 9 Mo. App. 283 ; *Hodo v. Benecke,* 7 Mo. App. 393.

For the purpose of remedying this defect, the legislature by an act approved March 31, 1885 ( Laws of 1885, pp. 196, 197 ), amended section 3197 of the Revised

Statutes of 1879, which, as already seen, prescribed the mode of procedure for the enforcement of the lien given to the keepers of horses and other animals, and which mode of procedure, as already seen, was, by the statute relating to the lien of boarding-house keepers ( R. S. 1879, sec. 3199 ), made applicable to that species of lien, so as to add to said section 3197 the following proviso : "Provided that, when such lien is claimed upon the wages of any such guest or boarder, the justice shall notify the party designated by the plaintiff as owing such guest or boarder, that suit has been instituted to enforce such lien, and such notice shall be served in the same manner and have the same force and effect as garnishments in attachments, and the parties so served shall be required to answer, and shall receive the same fees as provided in section 2538, Revised Statutes, 'of garnishments.' "

The legislature, at its next session, again amended the statutes relating to the lien of boarding-house keepers by repealing section 3199, and enacting in its place the following section :  " Hotel, inn and boarding-house keepers may sell for cash the baggage and other valuables of their guests or boarders upon which they may have a lien for charges, as provided in section 3198, or which may be left with them unclaimed, after having retained possession of them for a period of not less than six months, first giving five days' notice of such sale, stating the time, place and terms of sale, by advertisement in a newspaper published in the city or county where said sale is to take place, and, if no daily paper is published therein, then by one week's notice in a weekly paper published therein, or by printed or written handbills put up at five places in such city or county aforesaid ; and any sums of money received from the proceeds of such sale, after paying all charges, and the expenses of sale and of storing the articles ( which said expenses of storage shall be fifty cents on each parcel ), shall be paid into the county treasury, and, in

the city of St. Louis, into the city treasury, for the benefit of the owner, if he shall thereafter appear; but if such money be not claimed within one year, it shall go to the school fund of the county or city." Laws, 1887, p. 212.

This section, indeed, repealed said section 3199, as is argued on behalf of the plaintiff, but it did not repeal, nor profess to repeal, section 3197, as amended by the act of 1885. And we have seen that that section, as amended by the act of 1885, contained an independent provision for the enforcement of the lien of boarding-house keepers by the use of the process of garnishment. That provision, as quoted above, is complete in itself, and did not depend for its vitality upon the fact of reference being made in section 3199 to the provisions of section 3197. It was an independent and presumably a salutary statutory provision, and the legislature cannot, in amending section 3199, be presumed to have intended to repeal it, or in any way affect it. On the contrary, it is quite obvious that the purpose of the legislature, in amending section 3199 merely, was to afford to the boarding-house keeper an additional remedy for the enforcement of the lien given by the preceding section of the statute. There was, no doubt, something incongruous in attaching this independent proviso to a statute which, as it originally stood, professed to relate only to the enforcement of the lien given to the keepers of horses and other animals; but the amendatory act of 1885 clearly expresses in its caption the purpose of the legislature to provide for the enforcement of liens when claimed by hotel, inn and boarding-house keepers upon the wages of their guests or boarders. The revisers of the revision of 1889 transferred this proviso to the article relating to the liens of hotel, inn and boarding-house keepers, so as to annex it to what was originally section 3199, Revised Statutes, 1879, as amended by the statute of 1887; and in this manner it stands in the present revision. 2 R. S. 1889,

sec. 6740, proviso.   The fact that the revisers dealt with it in this way is a confirmation of the conclusion, that the legislature did not regard it as having been repealed or abrogated by the amendment of 1887.

The further point is made that the record of the proceedings  before the justice of the peace, in the action to enforce the boarding-house keeper's lien of Mrs. Hall, shows that the judgment of the justice was void, because the proceedings were not taken in compliance with the statute.   An inspection of the record satisfies us that the statute was sufficiently complied with to show jurisdiction for the purpose of a collateral attack of the justice's judgment.

The judgment of the circuit court will accordingly be reversed, and, as the defendant has exhibited a complete defense both in law and fact, the cause will not be remanded.   It is so ordered.   All the judges concur.