WESTERN UNION TELEGRAPH COMPANY V. JOHN B. HOUGHTON.

No. 3117.

1.  **Duty of Telegraph Company in Delivering Messages.**—Where a telegram is addressed to one party in care of another the duty of the telegraph company is not performed by search for the one to whose care it is sent.    Effort should be made to deliver to the party to whom addressed.

2.  **Fact Case—Negligence.**—A telegram was sent to Rusk addressed to plaintiff, in care of ''Mr. Basall.''  No such person as Basall resided there.  No effort was made to deliver to Houghton, the plaintiff, who was well known at Rusk, and boarded within

two hundred yards of the telegraph office. *Held*, these facts rendered the telegraph company liable on account of its want of due care to deliver the message.

3. **Verdict Excessive.**—A verdict for $4500.25 held to be excessive. The telegram was addressed by the wife to her husband: "Lush is worse; come home." The son died before the father reached him.

APPEAL from Upshur. Tried below before Hon. FELIX J. McCORD. The opinion states the case.

*A. H. Field*, for appellant.— 1. The court erred in refusing this special charge asked by defendant: "You are further instructed that where a message is addressed in care of a certain party it is defendant's duty to deliver the message to the party in whose care it was addressed." Tel. Co. v. Young, 77 Texas, 245.

2. The verdict of the jury herein is excessive in amount, and more in the nature of a punishment of defendant than a fair compensation to plaintiff for his alleged injuries. The verdict is for $4500.25, and is given appellee for being deprived of the melancholy duty of being present at his child's death. Stuart v. Tel. Co., 66 Texas, 580.

*W. R. & J. L. Camp* and *H. Chilton*, for appellee.—1. The requested charge was not applicable to the facts, because the party "Basall" could not be found. No such man as Basall was in Rusk. The charge stated all that was necessary on the subject, viz., that if the party to whose care a message is sent can not be found, then the company must use reasonable care to find the addressee. Tel. Co. v. Young, 77 Texas, 245; Tel. Co. v. Cooper, 71 Texas, 507; Scott & Jarnagin Tel. Cases, secs. 186, 187.

2. The verdict was not so high as to show passion or prejudice on part of the jury.

GARRETT, PRESIDING JUDGE, *Section B.*—This was a suit for damages for failure to deliver the following telegram:

"GILMER, TEXAS, January 13, 1889.

"*Mr. John B. Houghton, care Mr. Basall, Rusk, Cherokee County, Texas:*
"Lush is worse; come home.
"LAURA HOUGHTON."

Lush was the child of John B. and Laura Houghton, who resided at Gilmer. The father was at Rusk at work as a carpenter, and boarded with a man by the name of Bouthwell, who kept a boarding house about two hundred yards from appellant's office at Rusk. Houghton had requested his wife, in case it should be necessary, to address him in care of Mr. Bouthwell, but it seems that the name was misunder-

stood and erroneously written "Basall." There was no such person as Basall in Rusk.

Appellant admits that the message was sent to Rusk, and there held by appellant and not delivered.

There was a trial before a jury, which returned a verdict in favor of the appellee for $4500.25, for which judgment was rendered.

Some seven assignments of error appear in the record, but we think the case turns upon two questions: 1. Was the defendant's obligation promptly to deliver the telegram limited to such delivery to the person to whose care it was sent? 2. If not so limited, and the defendant is liable in this case in damages for failure to deliver to the plaintiff, was the amount of damages assessed by the jury excessive?

It is the duty of a telegraph company to make delivery of a telegram in due time to the proper person, and it is bound to due care and diligence in its undertaking. There is a prima facie obligation resting on the company to make an actual personal delivery without delay to the person to whom the message is addressed. If in the exercise of due diligence to find him the company's messenger is unable to do so, the company might perhaps be under obligation to keep the message at the office and mail a notice thereof to the address of the person to whom it is sent. Defendant was under obligation to find the person to whom the message was directed, and would be liable for a negligent breach of this duty. Scott & Jarnigan's Law of Tel., secs. 180, 186, 187; Gray on Com. by Tel., sec. 23.

There does not seem to have been any effort to find the plaintiff. The only evidence offered by the defendant to excuse its failure to deliver the telegram was that of M. N. Dial, who testified, that he lived in Rusk in January, 1889, and was in the railway business; that he had lived near Rusk twenty-three years, and never knew "Basall;" that he knew Jack Bouthwell, but if he ever kept a boarding house he did not know it. He was a clerk in the telegraph office, and could have delivered the message to Bouthwell, who lived two hundred yards from the telegraph office; that he did not know Mr. Houghton; and that Rusk was full of strangers at that time, going to New Birmingham, which was about one and a half miles from Rusk.

Plaintiff had been in Rusk about three or four weeks, working at the carpenter's trade. He was at work within two hundred yards of the telegraph office; and had been about the depot a good deal, and had spoken to the operator several times. His boarding house was in sight of the office. He was very well acquainted in Rusk. He knew the sheriff, county clerk, and postmistress; and they also knew him. The hackmen and liverymen knew him, and he also knew them. His wife had relatives there. He had understood Bouthwell's name to be Basall. When he left home he told his wife to keep him posted in regard to the health of his family.

As the telegram was addressed to the care of another person than the addressee a delivery to such person would have been a compliance with the obligation of the defendant. Tel. Co. v. Young, 77 Texas, 245. This case is relied on by the appellant as authority for limiting its obligation to deliver the telegram to the person to whose care it was addressed; but an examination of the facts will show them to be very different from those in the case under consideration. In Telegraph Company v. Young, the telegram was delivered to W. R. Henry, a member of the firm of W. R. Henry & Co., to whose care it was addressed, and he declined to forward it to Mrs. Young, and handed it back to the messenger. This was held to be a delivery in compliance with the contract of the company. Plaintiff was the person to be benefited by the message, and defendant knew this, not only from the face of the message itself, but from information to its agent at Gilmer; and the effect of the address was to advise the defendant that a delivery to Basall would be sufficient in order to enable the plaintiff to get the message. But Basall could not be found. What, then, was the duty of the defendant? We think that the address indicated that the telegram was for Houghton, but that the duty of the defendant might be discharged by delivery to Basall, as his agent. It will hardly be contended that the defendant would not have complied with its obligation if it had delivered the message to the plaintiff. An inland bill of lading, which described the goods, which in that case was a package of money addressed to the cashier of the Artisans Bank, was held not necessarily to involve personal delivery to the cashier, but the liability of the carrier was held to be terminated by the delivery of the money to the clerk or receiving teller of the bank while he stood behind the counter in the discharge of his duties as teller. Hotchkiss v. Artisans Bank, 2 Abb. (N. Y.), 403, cited in note 2, Wheeler's Mod. Law of Carriers, p. 33, and note.

Ordinarily the address of goods to the care of any one is an authority to the carrier to deliver them to such a party, and so discharge himself. Schoul. on Bailments, 499. While in the case of common carriers this method of consigning may be sometimes resorted to in order to obtain payment for the goods before delivery, it is not the usual course; in the case of telegrams there could be no such reason, and such an address would constitute a mere agency on the part of the person to whose care the message was sent to receive it for the benefit of the addressee. He would not have the authority to open it, could derive no benefit from it, would not have the authority to detain it, and could only deliver it to the person to whom it was addressed. With full knowledge of the contents of the telegram and the circumstances under which it was sent, the defendant would be bound to know that it was for the sole benefit of the person to whom it was addressed, and there could be no reason to restrict its liability for delivery to the person in whose care the message should be addressed. A specification

in the address of a telegram of the house or business office of the person to whom the message is directed is simply an assistance in making a personal delivery; and the company is not necessarily absolved by it from making further effort to find that person, in case it does not find him at the particular place described. If by reasonable effort it can find him elsewhere, or by waiting at or returning to that place it can deliver the message to him or to his agent for that purpose, it is under an obligation to do so. Gray on Tel., sec. 23. Suppose the person to whose care the message is addressed is out of town, and that the person for whose sole benefit it is can be found by the slightest inquiry—is well known—would it be proper to absolve the company from making any effort to find the person to whom the message is directed? Rusk was a small town of not more than three or four hundred inhabitants. Plaintiff was well known, and had relatives there, and it seems that the slightest inquiry would have enabled the defendant to deliver the message to him. Under the circumstances in this case, it was clearly the duty of the defendant to use reasonable care to find the plaintiff and deliver the message to him.

Was the verdict for $4500.25 excessive? In actions where there is no fixed legal rule of compensation, the theory of the law is that the decision of the jury is conclusive, unless they have been misled or their verdict has been influenced by corruption, passion, or prejudice. The amount of the verdict in this case is such as to shock a sense of justice, and must have been the result of passion or prejudice on the part of the jury. Because the amount of damages awarded is excessive, the judgment of the court below should be reversed.

The remaining assignments of error all relate to the refusal of the court to give special charges requested by the defendant. As all the points to which they were addressed were properly charged upon by the court, there was no error in refusing them.

We report the case for reversal.

*Reversed and remanded.*