WESTERN UNION TELEGRAPH COMPANY v. W. D. WOFFORD.

No. 976. Decided January 31, 1901.

**1. Telegram—Delivery—Absence of Addressee.**

The primary duty of a telegraph company is to deliver a dispatch to the one to whom it is addressed in person. In his absence it is not under obligation to deliver the message at his place of business, unless there is some one there authorized to receive telegrams for him. (P. 348.)

**2. Same—Sale of Land—Message to Stop.**

On the day for sale of plaintiff's land under execution a message to stop the sale, directed to the sheriff by name, not officially, was received, but was not delivered, by reason of his absence from town, until his return at 3 p. m.—the land having in the meantime been sold by his deputy. Held, that in order to recover damages arising from such sale of his property, as caused by the negligent delay in the delivery of the message, it was necessary for plaintiff to show that there was some one at the sheriff's office authorized to receive and open messages directed to him personally, and that if the message had been so delivered it would have been opened and the sale by deputy postponed. (Pp. 347-349.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Gonzales County.

Wofford sued the telegraph company and had judgment. Defendant appealed, and on affirmance obtained writ of error.

*Burgess & Hopkins*, for plaintiff in error.—The telegram on its face does not put the company on inquiry as to the facts upon which negligence is based in this suit..

The basic fact of negligence claimed is the failure to deliver to Deputy Sheriff Pat Muckelroy this message: "Gonzales, Texas, March 7, 1893. J. F. Houchins, Hallettsville, Texas: Wofford has paid part of judgment. Don't sell today. Harwood & Harwood."

To hold the company responsible for negligence by reason of the knowledge of its agents, plaintiff must show that the knowledge was of a material fact relating to a subject matter within the scope of the

agent's duty, and was acquired by that agent while acting in the transaction upon which the suit is based. Kaufman v. Robey, 60 Texas, 308; Irvine v. Grady, 19 S. W. Rep., 1028; Loan Co. v. Taylor, 29 S. W. Rep., 1057; Harrington v. McFarland, 21 S. W. Rep., 116; Bank v. Payne, 25 Conn., 444; Foundry v. Dart, 26 Conn., 382; Perry v. Waterproof Co., 37 Conn., 539; Platt v. Axle Co., 41 Conn., 264; Railway v. Town of Chatham, 42 Conn., 480; Bank v. Davis, 2 Hill (N. Y.), 451; Bank v. Aymar, 3 Hill (N. Y.), 262; Bank v. Senecal, 13 La., 525; Bank v. Whitehead, 36 Am. Dec., 186, and note; Weisser v. Denison, 61 Am. Dec., 731, and note; Bank v. Payne, 68 Am. Dec., 362, and notes; Angell & Ames on Corp., secs. 305-307, and notes; Story on Agency, sec. 140, and notes; Mech. on Agency, secs. 718-731, and notes.

It must be conceded that as to the delivery of the message to the person to whom it was addressed, viz., J. F. Houchins, there is absolutely no negligence shown; on the contrary, the diligence was perfect. Houchins testifies that he was away from Hallettsville for some days prior to the 7th of March, the day of the sale, and that he returned on the 3 p. m. train, and as he got off the train he was handed the message. If the message had been directed to Houchins as sheriff, so far as the delivery to him personally can affect this cause, the plaintiff has no legal ground of complaint. The message was delivered to J. F. Houchins as soon as it could have been. Hence if this judgment can be sustained it must be upon some legal principles by which the company, under the facts shown, can be held guilty of negligence by reason of its failure to deliver the message to Pat Muckelroy, the deputy of Sheriff J. F. Houchins—the agent of a principal, officially.

*Thos. McNeal* and *Denman, Franklin & McGown,* for defendant in error.—There was no attempt made on the part of the telegraph company to explain why the message was not delivered, and no attempt made to show that it did anything in reference thereto other than hand the message to Houchins about 4 or 5 o'clock when he reached the depot, he having been absent during that day from the county. Telegraph Co. v. Mitchell, 44 S. W. Rep., 274; Telegraph Co. v. Woods, 44 Pac. Rep., 990; Telegraph Co. v. Houghton, 82 Texas, 562; Telegraph Co. v. Cooper, 71 Texas, 514; Telegraph Co. v. Linn, 87 Texas, 7; Telegraph Co. v. Moore, 76 Texas, 68; Telegraph Co. v. Adams, 75 Texas, 535; Telegraph Co. v. Edsall, 74 Texas, 333; Telegraph Co. v. Sheffield, 71 Texas, 578; 3 Suth. on Dam., 295, and note 2, and p. 311; Rittenhouse v. Telegraph Co., 44 N. Y., 263; Candee v. Telegraph Co., 34 Wis., 471; Lodge v. Simonton, 23 Am. Dec., 36, notes p. 47; Thomp. on Elec.

The telegram being addressed to J. F. Houchins at Hallettsville, and he having a residence and office at said place, it was the duty of the telegraph company to use reasonable diligence to deliver the same to Houchins, and a jury might have found, as it did, that a failure to leave the information contained in the telegram at the office or at

his residence was negligence, though Houchins was himself absent and the delivery to him in person was impossible.

The object of the telegram was to countermand the sale, or in other words, to transmit information to Houchins from Harwood, acting for Wofford, and the jury might have found that reasonable diligence upon the part of the telegraph company required the leaving of a copy of the message either at the residence or office of Houchins, or might have found that it required it to inform those who might be at his residence or office attending to his business of the contents of the message notwithstanding he was not in the county, for Houchins had the right, as is the custom with business men, to make arrangements at his residence or office to have his business attended to in his absence.

If a copy of the telegram had been left at Houchins' office with his deputy during his absence, Houchins would have been responsible to Wofford for the sacrifice of his property, and therefore the telegraph company might, in the opinion of the jury, have discharged its duty by leaving the message at the office.

It seems to be the settled law under the above decisions that it was the duty of the telegraph company to use reasonable diligence to deliver the message, and that the jury might find that the failure to call or inquire at the residence or office of Houchins was a failure to use such diligence, notwithstanding Houchins was not in the county.

BROWN, ASSOCIATE JUSTICE.—Chas. P. Kellogg & Co. recovered in the District Court of Gonzales County a judgment against W. D. Wofford and J. W. Wemken for the sum of $776.32, besides costs, with a foreclosure of a mortgage upon two certain lots of ground in the town of Shiner, Lavaca County. W. D. Wofford had purchased Wemken's interest and owned the lots, having assumed the payment of the judgment. Order of sale was issued for the sale of the lots, directed "to the sheriff or any constable of Lavaca County," and was delivered to the sheriff of that county, who advertised the property to be sold at Hallettsville on the 7th day of March, 1893. Messrs. Harwood & Harwood were attorneys for Chas. P. Kellogg & Co., and on the day the sale was to be made W. D. Wofford went to Gonzales and made a payment to Harwood & Harwood upon the judgment, whereupon that firm of lawyers sent a telegram as follows: "To J. F. Houchins, Hallettsville: Wofford has paid part of judgment; do not sell to-day. Harwood & Harwood." Houchins was the sheriff of Lavaca County. The message was received by the telegraph company at Hallettsville at about 11:20 a. m. on the 7th of March, 1893, but Houchins was out of town at the time the message was received and did not return until about 3 o'clock, when the message was delivered to him just as he got off the train. Pat Muckleroy was the deputy of Houchins and made the sale of the lots at about 2 o'clock of that day to one Holloway at $155. The lots were at the time worth about $1500.

Defendant's agent at Gonzales, to whom the message was delivered for transmission, and the agent at Hallettsville each knew that Houchins was the sheriff of Lavaca County. There is no evidence as to whether the telegram ·was presented at Houchins' office or not, except that Pat Muckleroy, the deputy, testifies that he was in and out of the office during the day and that he heard nothing of the telegram until Houchins showed it to him. There is no evidence that Muckleroy or anybody connected with the sheriff's office had any authority to open a message directed to Houchins personally. Muckleroy and Houchins were both on the stand as witnesses, but neither testified that if the telegram had been delivered at the office it would have been opened and that the sale would thereby have been prevented. There is no dispute of the fact that the defendant company delivered the message to Houchins at the earliest time it could have been delivered to him in person, and the issue is,—does the testimony show negligence on the part of the company in failing to deliver it at the office of the sheriff?

The primary duty of the telegraph company in this case was to deliver the message to J. F. Houchins in person. Cros. on Elec., sec. 412; Telegraph Co. v. Houghton, 82 Texas, 563; Pearsall v. Telegraph Co., 124 N. Y., 256; Joyce, Elec. Law., sec. 743. If Houchins could not be found within the delivery limits of the office, then it was the duty of the company to deliver the message at his office or at his residence, if there was at either a person authorized to receive it. Joyce, Elec. Law, sec. 743; Telegraph Co. v. Woods, 56 Kan., 737. While it is the duty of the company in making a diligent search for the person addressed to resort to the place of business, the residence, and any other place where the circumstances indicate that he may be found, it is not the duty of the company to deliver the message at any such place unless some person to be found there is authorized to receive the message, and the failure to deliver at either the place of business or the residence, when no person at either place is so authorized, would not constitute negligence or a breach of the contract on the part of the telegraph company.

In the case of Pearsall v. Telegraph Company, before cited, a telegram was directed to T. W. Pearsall & Co., Mills Building, New York, and, as we understand the case, the receiving operator inclosed the telegram in an envelope addressed to T. W. Pearsall. The messenger took it to the place of business of T. W. Pearsall, the office of T. W. Pearsall & Co., and left it there, but there being no one present authorized to open the private message of T. W. Pearsall, it was left unopened until his return the next day. When opened, the message was found to contain a request to the company to purchase stock of the Western Union Telegraph Company, which was done at once at a price greater than the market value on the previous day, and suit · was brought for the difference as damages arising from the delay in the delivery of the message. The court held that the failure to deliver to Pearsall & Co. constituted a prima facie breach of the contract and

entitled the plaintiff to recover. It is true that the negligence consisted in the misdirection of the envelope, but the principle involved is that the delivery must be to the person to whom it was addressed. In that case, it was actually delivered to the firm of which T. W. Pearsall was a member, but the delivery was not authorized if it had been for him personally for the reason that no one there was empowered to open the message.

In the case of Pearsall v. Telegraph Company, the court held that proof of failure to deliver the message of Pearsall & Co. made a prima facie case of breach of contract, and we are of the opinion that the converse of the proposition is true,—that proof of prompt delivery of the message in this case to Houchins was prima facie a compliance with the contract and a discharge of the obligation of the telegraph company.

Let us suppose that Houchins, being absent from the city, the telegraph company had delivered the message to Muckleroy at the sheriff's office; that Muckleroy, having no authority to open the private telegram of his principal, laid it aside without notifying the sheriff of its delivery, and that the sheriff after returning, being ignorant of the message, proceeded to sell the property,—would not the telegraph company be liable to the plaintiff for delivering the message to a person not authorized to receive it? We are of opinion that under such state of facts, the company would be liable and that it would be held that the telegraph company should, under such state of case, have held the telegram until the return of the sheriff to the town, making prompt delivery to him upon his arrival, as was done in this case.

When the telegraph company found that Houchins was not in Hallettsville, it ought to have tendered the message at his office, and if there was any one there authorized to receive it, the message should have been delivered to that person. But to authorize a recovery because the message was not delivered to the person who was in charge of the office, the plaintiff must prove that such person was authorized to open it and that he would have opened it if delivered and would not have sold the property after receiving it. We therefore conclude that there is no evidence of any negligence on the part of the telegraph company which justifies the judgment rendered in this case.

It is therefore ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed and that the case be remanded.

*Reversed and remanded.*