WESTERN UNION TELEGRAPH COMPANY v. J. O. MOSELEY.

Decided March 19, 1902..

**Telegraph Company—Wife as Husband's Agent to Receive Telegrams.**
The wife is not by virtue of the marital relation alone, the husband's agent authorized to receive telegrams addressed to him, and the company is not liable for failure to deliver such a message to her in the absence of the husband beyond the delivery limits. Following Telegraph Company v. Mitchell, 91 Texas, 464.

Appeal from Gregg. Tried below before Hon. Cone Johnson, Special Judge.

*Geo. H. Fearons* and *M. R. Geer,* for appellant.

*Turner & McHenry* and *Young & Stinchcomb,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is an appeal from a judgment for $150 recovered by appellee as damages for the failure to promptly deliver a message, which failure to deliver prevented appellee from being in attendance at the funeral of his brother.

Much of the statement of facts consists of testimony as to a telegram received by appellee on January 27, 1901, informing him of the death of his brother, and as to telephoning to ascertain about the death and funeral, and fixing the date of the burial at 1 o'clock p. m. on January 28, and as to the different routes by which appellee might have reached Longview and the times of departure of the different trains from Italy, Frost, Corsicana, and other points, all of which had no bearing whatever upon the issue raised by the pleadings.

The only question presented was as to whether appellant was negligent in the transmission and delivery of a certain telegram sent by appellee from Frost on the morning of January 28, 1901, to his brother at Longview, and our findings of fact will be directed to that issue.

At 8:40 on the morning of the 28th of January, 1901, appellee, having been notified that a brother was dead at Longview whose burial had been set for 1 o'clock p. m. that day, and desirous to have the burial postponed, delivered to appellant's agent at Frost, Texas, the following

telegram: "W. M. Moseley, Longview, Texas: Be there at three p. m. J. O. Moseley."

It is admitted by the appellee that the message was transmitted in a reasonable time to Longview, and that there was no negligence in such transmission, and that the only question was as to its proper delivery after reaching Longview. The uncontroverted proof established that when the message was received W. M. Moseley was not in the town of Longview, but was absent at the burial of the deceased brother some four miles in the country, and the messenger after ascertaining these facts returned to the receiving office with the message and was instructed to take it to the home of the person to whom it was directed. The messenger boy as well as another witness testified that the message was taken to the said home, but that knocking on the door had not elicited any response and the message was again carried back to the office. The testimony as to the attempt to deliver at the house is contradicted by Mrs. Moseley and another witness. The funeral took place at 1 o'clock p. m. and appellee arrived in Longview at 3 o'clock p. m., too late, of course, for him to attend the funeral. Mrs. Moseley, the wife of W. M. Moseley, was in her residence within 300 yards of the telegraph office from the time the message was received until after the funeral. Mrs. Moseley was not the agent of W. M. Moseley to receive telegrams directed to him, except in the sense that every wife is the agent of her husband for such purposes. Appellee admitted that he understood that the message would only be delivered within the free delivery limit, which, at Longview, was one-half a mile.

The following recitation is found in the judgment of the trial court: "The court does not consider that the plaintiff's acts on January 27, 1901, relieved the defendant, but considers that the same should reduce the damages, and enters judgment for $150, and bases this judgment on the breach of the message contract of January 28, 1901, in not delivering the message to Mrs. Maude Moseley, wife of addressee, at his home, finding that defendant did not exercise care in not delivering to her." That is the gist of the whole matter as presented by the facts and circumstances drawn from the record. Appellant exercised all the diligence that could be required of it in connection with a delivery of the message directly to W. M. Moseley, and unless the further duty devolved upon it of delivering the message to Mrs. Moseley, there is no basis and support for the judgment. That no such duty devolved upon appellant, under the facts of this case, we think, has been fully and definitely settled by the Supreme Court of Texas in the case of Telegraph Company v. Mitchell, 91 Texas, 454. The court said: "If a message be addressed to the care of another, it may be delivered to such person; or if the addressee has taken rooms at a hotel where it is the custom to deliver mail and such messages, it will be presumed that the clerk is the agent of the guest to receive messages of this character, and a delivery to such clerk will be sufficient. The wife, as such, is not in law the general agent of her husband, and we know of no principle of law

that would justify the conclusion that it was the duty of the defendant to deliver the message in this case to Mrs. Mitchell, nor that such a delivery would have satisfied the obligation of the telegraph company to Mitchell."

If the wife or any other person was the agent of the addressee and authorized to receive telegraphic messages, a delivery to such agent would be a duty devolved upon the telegraph company; but no such agency is shown in this case. The testimony clearly established that the wife had no authority to receive messages except such as any wife might assume by virtue of the marital relation, and if we understand the Mitchell case aright, such assumed authority did not make it incumbent on the telegraph company to deliver the message to her. Perhaps if it had been a custom to deliver messages to her directed to her husband, and such custom had been acquiesced in by the husband, an agency would be implied, and the duty to deliver to her would arise, but in this case Mrs. Moseley had never received a message addressed to her husband in his absence. She swore that she had, on the day before the funeral, opened a message directed to her husband, but he testified that the message she spoke of opening was one that had been received by him from the messenger, and she asked for it, and he gave it to her and she opened and read it. He testified, however, as most husbands would, that she had authority to open any letter or message directed to him.

If, as held in the Mitchell case, the law does not in all cases impose the duty on a telegraph company to deliver messages to the wife, addressed to the husband, the facts in this case do not make out a case in which the message should have been delivered to her, and on the other hand the delivery to her would not have relieved from liability if there had been negligence in the attempt to deliver to him.

The judgment is reversed and judgment is here rendered in favor of appellant.

*Reversed and rendered.*