## WESTERN UNION TELEGRAPH COMPANY v. N. L. HENDRICKS.

### Decided May 7, 1902.

**1.—Telegraph Company—Delivery of Message—Special Contract.**

Where a death message was addressed to plaintiff in care of S., and sent under a special contract that it was to be delivered to plaintiff personally or to S., a delivery to the latter's brother and business partner, authorized to receive messages for S., was not a compliance with the contract.

**2.—Same—Diligence Not Used.**

Plaintiff, who lived several miles in the country, was away from home the greater part of the day, but returned by 2 or 3 o'clock in the afternoon, and as no effort whatever was made to deliver to him personally, no diligence commensurate with the importance of the message was exercised.

Appeal from the County Court of Collin. Tried below before Hon. J. H. Faulkner.

*Geo. H. Fearons* and *N. L. Lindsley,* for appellant.

*T. S. Jackson* and *Abernathy & Mangum,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee sued appellant to recover $995 damages alleged to have resulted from the failure to deliver the following message:

"Red Oak, I. T., April 2, 1900.—N. L. Hendricks, Care of Andrew Shirley, Anna, Texas: William expected to die. Come at once or reply. Pneumonia. J. W. Hendricks."

The jury awarded damages in the sum of $400.

The petition alleges and the evidence discloses that the contract in regard to the message was that it was to be delivered to Andrew Shirley at Anna, Texas, or to appellee at his home six miles from Anna in the country. The message was delivered at Shirley's place of business to his brother, who made no effort to deliver it. Andrew Shirley and appellee were in McKinney, twelve miles from Anna, on April 2, 1900, but appellee returned to his home about 2 or 3 o'clock in the afternoon.

Delivery of the telegram to Fred Shirley was not a delivery to Andrew Shirley. It is true that the first named was the partner and brother of Andrew Shirley and was authorized to receive telegrams directed to him, but a special trust was reposed in Andrew Shirley by sending the message to his care which was not extended to anyone else, and it may have been directed to him individually because of the savage hatred of his partner, who stated in the most unfeeling and brutal manner that he would not have sent the message to appellee if he had known that all of his relations were dead. It is clear, however, that Andrew Shirley being absent from the town of Anna, appellant performed its full duty so far as the delivery of the telegram to him was concerned.

Under the terms of the contract made by the sender with the agent of appellant, it agreed to go farther than to make an attempt, no matter how full and complete, to deliver the message to Andrew Shirley, and bound itself in consideration of increased remuneration to deliver the message to appellee at his home six miles from Anna. No effort was made to effect such delivery, but after the fruitless attempt to deliver to Andrew Shirley appellant dropped the matter entirely, and did not send a messenger to appellee's house. Appellant did not make any inquiries as to whether appellee was at home or not, and if it had sent the message out to his country home at any time after 2 or 3 o'clock on the afternoon of April 2d, appellee was at home and would have received it, and could have left on a night train which would have reached the Indian Territory in time for him to have attended the funeral of his son.

The message was one of the gravest importance and appellant should have used great diligence to deliver it, and can not justify its negligence and utter disregard of the rights of appellee by saying that he was absent a part of the day from his home, and that he would not have been found if the messenger had gone to his home at any time between 9 and 2 o'clock of April 2. If appellant had sent a messenger to the house of appellee, as it should have done, he would have ascertained when appellee would return and could have delivered the message on his return. The diligence should have equaled the emergency of the message.

We need not discuss at length the question as to whether the contract would have been fulfilled by a delivery of the message to the wife of appellee, who was at home all of April 2d. In the case of Telegraph Company v. Mitchell, 91 Texas, 454, the Supreme Court has held that

in the absence of proof of the wife's agency, delivery of a telegram relating to business was not a delivery to the husband, and following that case in Telegraph Company v. Moseley, 28 Texas Civil Appeals, 562, this court held that delivery of a telegram relating to the death of a brother of the husband would not constitute a delivery to him. In this case, however, the wife of appellee, it may be presumed, was the mother of his son, and she was as vitally interested in any information concerning him as the father would be, and her agency and authority might be inferred from her relationship to the father and son. In matters of business no such presumption could be indulged, and perhaps not in regard to social and family matters relating more especially to her husband, but we do not wish to be placed in the position of acceding to the proposition that a telegram directed to the husband relating to the condition of the wife's child, as well as his, should not be delivered to her.

The judgment is affir?