WESTERN UNION TELEGRAPH COMPANY V. ZACK BELEW.

Decided April 29, 1903.

**Telegraph—Delay—Mental Suffering.**

Facts held to show negligent delay in delivery of telegram (delivery made to a neighbor); and mental suffering from being unable to reach bedside of a sick child by the first train held basis for damages,—the message being, "If convenient come at once, Byron not well."

Appeal from the District Court of Dallas. Tried below before Hon. Thomas F. Nash.

*N. L. Lindsley (Geo. H. Fearons,* of counsel), for appellant.

*Carden, Senter & Carden,* for appellees.

FISHER, CHIEF JUSTICE.—This is an action for damages for failure to deliver the message set out in the findings of the court. The trial below was before the court without a jury, which resulted in a judgment in appellee's favor for $50. We agree with the trial court in its findings of fact and law, which are here stated:

"I find that Zack Belew is and was on the 17th day of February, 1901, the husband of Mattie Belew, and the father of Byron Belew, an infant about 4½ months of age, and on said date said Mattie Belew and Byron Belew were on a visit to Dick Pine, sometimes called Henry Pine, in the town of Campbell, Texas, the home of said Zack Belew being at the corner of State and Allen streets, Dallas, Texas. On said date Byron Belew became ill, necessitating the services of a physician, who attended the child and advised its mother to telegraph to its father in Dallas to come to its bedside. The physician suggested that it would be well to word the telegram so as not to alarm Zack Belew, the father, and pursuant to these suggestions, Mattie Belew requested Dick Pine to send a telegram to Zack Belew, at Dallas, Texas, to come to the bedside of Byron Belew. On the morning of February 17, 1901, at about 8 o'clock, Dick Pine delivered to defendant's agent at Campbell, Texas, the following telegram: 'Campbell, February 17, 1901.—Zack Belew, cor. State and Allen St., Dallas: If convenient come at once. Byron not well. Dick Pine.'

"I find that if said telegram had been promptly transmitted and delivered by defendant, it would have reached Zack Belew at his home in Dallas, Texas, in time for him to have taken a train and gone to the bedside of his child, reaching there about 3 o'clock p. m. of the said day, but said telegram was not delivered to said Belew by defendant, but was delivered to one of Belew's neighbors, Mrs. Fessenden, who in turn delivered it to another of the neighbors, Mrs. Harper, who finally delivered it to Zack Belew at about 3 o'clock p. m. on said day, and that he upon its receipt immediately realized that he could not then

take the train which had already departed, and by reason of same suffered mental anguish as a result of his failure to go to the bedside of his minor child, and immediately he went to the telephone office and there attempted to communicate with parties at Campbell, Texas, for the purpose of ascertaining the condition of his child, but was unsuccessful, being unable to get connection with Campbell, Texas, and he immediately went to the office of defendant in Dallas, Texas, and there delivered to defendant's duly authorized agent the following telegram: 'Dallas, Texas, Feb. 17, 1901.—Henry Pine, Campbell, Texas: Message received three o'clock. Is it necessary for me to come? If so, meet me in Greenville at midnight. Answer at once. Zack Belew.'

"That at the time Belew delivered said message to defendant's agent at Dallas he explained to him that he had received a delayed message from Campbell, Texas, relating to the illness of his child, and that it was necessary to promptly forward the last above message set out, in order to inform the party at Campbell that he would come on the midnight train, and said agent promised to deliver said message promptly after 4 o'clock p. m. on said day, telling Belew that the office at Campbell did not open until 4 o'clock p. m., and with this understanding Belew waited at said office from 4 o'clock p. m. until 6 o'clock p. m., a period of two hours, and received no reply, and that night about 11 o'clock boarded a train and went to the bedside of his child, arriving there about 3 o'clock a. m. on the morning of February 18, 1901.

"I find that at the time Dick Pine delivered the message hereinbefore set out to defendant's agent at Campbell, he fully explained to said agent the necessity for immediately forwarding said message to Zack Belew at Dallas, Texas, and that Byron Belew, the boy mentioned in the message, was the infant child of Mattie Belew and Zack Belew, and that he was very sick, and that it was necessary for his father to come to his bedside at once.

"I further find that on account of the said Zack Belew not receiving said message in time to take the train which left Dallas at 11:10 a. m. and by reason of which he could have reached Campbell at about 3 o'clock, that he suffered mental anguish in the sum of $50, and that if he had received such message he would have taken said train and gone to the bedside of his child. I further find that said message could have been delivered to the said Zack Belew in time for him to have taken the first train to Greenville at 11:50 a. m. I find that plaintiff within ninety days from February 17, 1901, gave defendant proper and due notice of his claim for damages.

"Conclusions of Law.—Defendant, by the exercise of ordinary care could have delivered the message first set out, was guilty of negligence in failing to promptly transmit and deliver the message first set out in my conclusions of fact, and thereby Zack Belew was prevented from taking a train in Dallas, Texas, at 11:05 o'clock on' the morning of February 17, 1901, by reason of which he could and would have arrived at the bedside of his sick child at about 3 o'clock p. m. on said day, and

by reason of said negligence, he was delayed about ten hours, and as a direct and proximate result of the defendant's said negligence, Zack Belew suffered mental anguish in the sum of $50."

We have examined the questions raised by the assignments of error, and think that none is well taken. Therefore the judgment is affirmed.

*Affirmed.*

Writ of error refused.