WESTERN UNION TELEGRAPH COMPANY *v.* W. F.
M'CAUL.

(*Jackson.* April Term, 1905.)

1. **TELEGRAMS. No damages for father's mental anguish and
   grief for burial of son in a strange place in consequence of neg-
   ligence in delivery of message.**

   There can be no recovery against a telegraph company by a fath-
   er for mental anguish and grief sustained by him in being
   forced to bury the remains of his son in a strange place, in con-
   sequence of such company's negligent delay in delivering a mes-
   sage requesting the transmission of money to enable him to
   convey the corpse home for burial.    (*Post, pp.* 101-103.)

   Cases cited and approved:  Telephone Co. v. Arnold (Tex. Sup.),
   73 S. W., 1043; Telegraph & Telephone Co. v. Gotcher (Tex.
   Sup.), 53 S. W., 686; Telegraph Co. v. Edmondson (Tex. Sup.),
   42 S. W., 549.

2. **SAME. Same. Measure of damages in such case is cost of
   disinterring and reinterring the body.**

   It is conceded by counsel for the telegraph company, and the
   court seems to coincide, that the proper measure of damages
   in the case stated in the foregoing headnote is the cost and ex-
   pense of disinterring and reinterring the body at the place
   originally desired.  (*Post, p.* 104.)

3. **SAME. Addressed to a person as at a certain town is not
   bound to be delivered at residence in country without such
   undertaking, when.**

   Where a telegram addressed to an individual as at a certain town
   is received by the transmitting operator of the telegraph com-
   pany without knowledge of the fact that the addressee lived in
   the county near such town, and without any agreement, ex-

Telegraph Co. v. McCaul.

press or implied, on the part of the company to deliver the message at the addressee's residence in the country, the company is not legally bound to deliver the message at the residence of the addressee, and is only bound to deliver it to the addressee in such town, if to be found there at that time. (*Post, pp.* 101, 104, 106.)

4. **SAME. Same. Delivery to person in whose care addressed, and not to his wife or other members of his family.**

Where a telegram is addressed to one person as at a certain town, though living in the country near by, and in the care of another person living in said town, without more, it is the duty of the telegraph company, in the absence of the real addressee, to deliver the message to the person in whose care it was addressed alone, and not to his wife or any other member of his family. (*Post, pp.* 101, 104-107.)

Cases cited and approved: Telegraph Co. v. Mitchell (Tex. Sup.), 44 S. W., 274, 40 L. R. A., 209, 66 Am. St. Rep., 920; Telegraph Co. v. Moseley (Tex. Civ. App.), 67 S. W., 1059; Telegraph Co. v. Houghton (Tex. Sup.), 17 S. W., 846, 15 L. R. A., 129, 27 Am. St. Rep., 918; Telegraph Co. v. Hendricks (Tex. Civ. App.), 68 S. W., 720; Telegraph Co. v. Cobb (Tex. Sup.), 67 S. W., 87, 58 L. R. A., 698, 93 Am. St. Rep. 862; Telegraph Co v. Redinger (Tex. Civ. App.), 63 S. W., 156; Davies v. Steamboat Co. (Me.), 47 Atl., 896, 53 L. R. A., 239.

5. **SAME. Same. Same. Delivery to wife of person in whose care addressed is not actionable negligence where its delivery to real addressee was thereby hastened.**

But where a telegram addressed as stated in the foregoing headnote was delivered to the wife of the person in whose care it was addressed, in his absence and while beyond the delivery limits, and in the absence of the real addressee, and it is by her immediately forwarded to the real addressee and its reception hastened thereby, the telegraph company is guilty of no actionable negligence in such delivery. (*Post, pp.* 106, 107.)

FROM GIBSON.

Appeal from the Circuit Court of Gibson County.—
JOHN R. BOND, Judge.

DEASON, RANKIN & ELDER, for Telegraph Co.

HARWOOD & WADE, and W. W. POWERS, for McCaul.

MR. JUSTICE SHIELDS delivered the opinion of the
Court.

W. F. McCaul brings this action to recover damages
for the grief and anguish sustained by him in conse-
quence of the delay in receiving an answer to a tele-
gram sent by him over the wires of the defendant from
Sikeston, Mo., to Trenton, Tenn., addressed to Mrs. M.
C. McCaul, care of Joe Knox, in these words:

"Send me fifty dollars at once. Hugh is dead."

W. F. McCaul was at Sikeston, Mo., where his son
Hugh had just died, and desired $50 to bring his re-
mains to Tennessee for interment. Joe Knox resided in
Trenton, and Mrs. M. C. McCaul, in the country, three
miles distant.

The telegram was delivered to the agent of the com-
pany by the sender at Sikeston, addressed as stated.

The fact that Mrs. McCaul lived in the country was not disclosed to the agent of the company at that place. The agent at Trenton, who knew all the parties, received the message at 9:30 o'clock in the morning, and knowing that Mrs. McCaul did not live within the delivery of his office, sent it out to be delivered to Joe Knox, in whose care it was addressed. The messenger inquired for him at his usual place of business, and was reliably and correctly informed that he had gone to the country, and would not return for some time, and the message was then returned to the office. About 12 o'clock of the same day, it was again sent out and delivered to Mrs. Joe Knox, at the residence of her husband, and she immediately forwarded it to Mrs. McCaul. Joe Knox returned from the country at 1:30 o'clock that evening, and later receiving directions from Mrs. McCaul to do so, had $50 wired the plaintiff, as requested by him, but the latter did not receive notice of the fact until after the burial of his son on the succeeding day.

The negligence averred is two and one-half hours' delay in delivery at Trenton, resulting in the failure of the plaintiff to receive the money until after the burial of his son upon the next day.

There was a verdict and judgment for $300 against the plaintiff in error, and it has appealed and assigns a number of errors, only three of which it will be necessary to notice.

1. The first assignment is predicated upon the action of the trial judge in instructing the jury that the plain-

Telegraph Co. v. McCaul.

tiff in that court was entitled to recover damages for the mental anguish and grief sustained by him, if any, by the delay in receiving the money for which he wired to bring the body of his son to his home in Tennessee for burial, and in having to bury him away from home and in a strange place, and in refusing to charge that the proper measure of damages in this case was the cost and expense of exhuming and reinterment in Tennessee. It must be sustained. This court has held that parties injured could recover damages for mental anguish and grief sustained by them in being denied the privilege of attending to the bedside of near relatives during their last hours, of superintending the preparations of their bodies for interment, and of being present at their burial; but in no other cases. The rule upon which such damages are allowed is of difficult application, and its policy and soundness has been questioned in many courts of high authority, and we do not deem it proper to extend it to other cases than those to which it has been applied in this State. This also seems to be the tendency of other courts of last resort in States where the mental anguish doctrine prevails. *Telephone Co.* v. *Arnold* (Tex. Sup.), 73 S. W., 1043; *Telegraph & Telephone Co.* v. *Gotcher* (Tex. Sup.), 53 S. W., 686; *Telegraph Co.* v. *Edmondson* (Tex. Sup.), 42 S. W., 549.

The mental anguish claimed here is not for failure to reach the son of the plaintiff before his death, or for loss of the privilege of attending his funeral, but for de-

lay in the reception of money with which to bring the body to the home of the father for burial. This is a right and a privilege that can yet be exercised in every respect to the fullest gratification of the desire of the father. It would seem, therefore, that the proper measure of damages would be as insisted upon by the company. Ordinarily the damages which one is entitled to recover for delay in the reception of money is simply the interest for the period of the delay.

2. It is further assigned as error that the trial judge declined to instruct the jury when seasonably requested in proper form by the defendant company, "that it was under no obligation to deliver the message in question to any person except to Mrs. M. C. McCaul, or Joe Knox, and that if the jury should find that neither of these persons were in Trenton upon the day the message was received, the defendant was not required to deliver it to either of them, or to any one else, and that it was not its duty to deliver it to Mrs. Knox, the wife of the party in whose care it was directed, and the failure to do so was not negligence or a breach of duty upon its part." There was no contract to deliver the message to Mrs. McCaul at her residence in the country. The fact that she lived in the country was not disclosed to the receiving operator, and without such knowledge and express or implied agreement otherwise, the contract was to deliver it at Trenton, Mrs. McCaul did not reside there, and was not there that day. It was sent in care of Joe Knox, who did live there, and it must

be presumed that it was intended that it be delivered to him for the sendee. He was made the special agent of the sendee to receive and forward it. It was under these facts, the duty of the company to deliver it to Joe Knox, and no one else. It was not its duty to deliver it to Mrs. Knox, or other member of the family of Joe Knox. They were not the agents of either the sender or the sendee, and had no authority to receive it. A delivery to them would have been unauthorized. It may be that under some circumstances, as where the wife has been in the habit of receiving telegrams sent her husband, that delivery to her ought to be made, and would be a discharge of the duty of the company. *Telegraph Co.* v. *Mitchell* (Tex. Sup.), 44 S. W., 274, 40 L. R. A., 209, 66 Am. St. Rep., 920; *Telegraph Co.* v. *Moseley* (Tex. Civ. App.), 67 S. W., 1059.

But that is where the telegram is addressed to the husband in his own right. He cannot delegate the trust and agency imposed upon him to another. In this case Joe Knox had no beneficial interest in the telegram, and Mrs. Knox no right to receive it. The party in whose care a message is sent is simply the agent of the addressee to receive and deliver the message. He has no beneficial interest in it, or authority to open it. *Telegraph Co.* v. *Houghton* (Tex. Sup.), 17 S. W., 846, 15 L. R. A., 129, 27 Am. St. Rep., 918.

The delivery of a telegram to the brother and business partner of the party in whose care it is addressed

is unauthorized. *Western Union Telegraph Co.* v. *Hendricks* (Tex. Civ. App.), 68 S. W., 720.

The clerk of a hotel is not the agent of the guests of the hotel, and has no authority to receive telegrams for them. *Telegraph Co.* v. *Cobb* (Tex. Sup.), 67 S. W., 87, 58 L. R. A., 698, 93 Am. St. Rep., 862; *Telegraph Co.* v. *Redinger* (Tex. Civ. App.), 63 S. W., 156.

The captain of a steamboat is not the authorized agent of passengers to receive and receipt for telegrams. *Davies* v. *Eastern Steamboat Co.* (Me.), 47 Atl., 896, 53 L. R. A., 239.

There is no complaint because of the final delivery of the message to Mrs. Knox, before the return of her husband, and if there was, no action could be sustained for such an unauthorized delivery, because no damages resulted from it. This assignment of error is also sustained.

3. It is further assigned as error that there is no evidence to sustain the verdict, and for this reason the trial judge should have set it aside, and granted the plaintiff in error a new trial. This assignment is sustained. It is clear, we think, that the company was not guilty of negligence in the delivery of this message. There was no contract to deliver it in the country to Mrs. McCaul, and she was not in Trenton that day, and it could not have been delivered to her there. Prompt inquiry was made for Joe Knox, her agent, and correct information was obtained that he was beyond the delivery limits, and therefore no delivery could be made

Telegraph Co. v. McCaul.

to him. There was no one else authorized to receive the message. The delivery to Mrs. Knox was made before the return of her husband, without any obligation upon the company to do so, at its peril; and it may be safely said that but for the fact that this delivery hastened the reception of the message by Mrs. McCaul by at least one hour and a half, that that would now be the wrong upon which this cause of action would be predicated.

For these errors the judgment of the trial court is reversed.