### Western Union Telegraph Company v. Jeff Hosea.

Decided November 30, 1910.

**1.—Telegraph—Delivery—Negligence—Charge.**

A telegraph company which demands and receives an extra charge for delivering a message to one beyond free delivery limits is liable for failure to use reasonable diligence to make such delivery. See charges held to properly submit the issues in such case and justify the refusal of requested instructions that defendant was liable only for want of ordinary care to deliver.

**2.—Harmless Error—Demurrer—Charge.**

Overruling exceptions to certain allegations in plaintiff's petition, if error, was cured by instructions excluding the issues which they raised from consideration by the jury.

Appeal from the District Court of Grimes County. Tried below before Hon. S. W. Dean.

*Hume, Robinson & Hume* (*Geo. H. Fearons,* of counsel), for appellant. —The court erred in refusing to submit to the jury the requested charges. Earle v. Thomas, 14 Texas, 592; Houston, etc., R. Co. v. Rider, 62 Texas, 270; Burke v. Holmes, 68 S. W., 52.

*H. L. Lewis* and *Boone, Boone & Fahey,* for appellee.—It was the duty of the defendant, after the payment of the extra messenger fee demanded therefor, to use reasonable diligence to deliver the message in question to plaintiff, and there was no error in the court's refusal to submit defendant's special charge. Telegraph Co. v. Ayers, 47 Texas Civ. App., 557; Telegraph Co. v. Swearingen, 97 Texas, 293; Telegraph Co. v. Swearingen, 65 S. W., 1080; Telegraph Co. v. Teague, 27 S. W., 958, 8 Texas Civ. App., 444; Telegraph Co. v. Cooper, 71 Texas, 507; Telegraph Co. v. Hendricks, 29 Texas Civ. App., 413; Telegraph Co. v. Hendricks, 26 Texas Civ. App., 366; Telegraph Co. v. Cavin, 30 Texas Civ. App., 152; Telegraph Co. v. Perry, 30 Texas Civ. App., 243; Reed v. Telegraph Co., 31 Texas Civ. App., 116; Telegraph Co. v. Belew, 74 S. W., 799, 32 Texas Civ. App., 338; Western Union Telegraph Co. v. Shaw, 40 Texas Civ. App., 277.

RICE, ASSOCIATE JUSTICE.—This suit was brought by appellee against appellant to recover damages for mental anguish sustained by him on account of the non-delivery by it of a telegram sent to him from Lufkin, Texas, announcing the death of his mother, and that she would be buried the next day at 3 o'clock p. m., it being alleged that if said message had been promptly delivered, he would and could have been present in time to have seen the remains of his mother and attended the burial.

A jury trial resulted in a verdict and judgment for appellee in the sum of $1000, from which this appeal is prosecuted.

It appears from the evidence that on March 30, 1909, between 12 and 1 o'clock p. m., Charles Warren, acting for appellee, prepaid and filed with appellant a message addressed to appellee at Stoneham, Texas, stating: "Mother is dead. Will bury tomorrow at 3 p. m. Agent (McGee) please see that this message is delivered at once." It was shown that said message was received at Stoneham shortly after 2 o'clock p. m., and that a service message was immediately sent by the Company's agent McGee, addressed to the Lufkin agent, as follows: "Your message to Jeff Hosea, signed Charles Warren undelivered account party lives four miles in the country. Please secure deposit of $2 for special delivery. Advise when you have done so." This message,

immediately after its receipt at the Lufkin office was delivered to said Warren, who promptly paid to the agent at Lufkin the $2 therein mentioned. Whereupon the Stoneham agent was promptly advised of the payment thereof. It appears from the evidence that several weeks prior to the 30th of March, appellee had received, through appellant's Stoneham office, a message from Lufkin relative to the illness of his mother, and that he at said time notified McGee, the Stoneham agent, that he expected in the future to receive messages relative to his mother's health, and gave said agent directions as to where he lived and how he could be found; and the first message had been sent out by McGee to appellee through Hill, the postmaster at Stoneham. McGee testified that upon receipt of the message, and after sending the service message, knowing that the party lived in the country, he went out in town to see if he could find some means of sending it out, but failed. That he immediately returned to the office where he received a message from the Lufkin office to the effect that the deposit of $2 had been made. Thereupon he made another fruitless effort to get someone to take the message out; that he then went back to the office and made no further effort until after the 6.10 p. m. train had passed, when he met the mail carrier whom he asked to take the message out, but he declined, saying that he could not do so until the next morning. This seems to have been the extent of the effort made by the agent to deliver the message, except that he mailed the message the next day in the Stoneham office addressed to appellee.

It further appears from the evidence that two trains passed through Stoneham on the evening of the 30th, one on the I. & G. N. at 6.10 and the other on the G., C. & S. F. at 8.16, by either of which appellee, if the message had been promptly delivered could and would have gone to Lufkin, arriving there at 11.45 a. m. the next day, in ample time to have seen the remains of his mother and attended her funeral. Although the town of Stoneham was shown to have contained from 75 to 100 inhabitants, it appears that only three of these were seen by the agent relative to sending out this message. It seems that Mr. Hill, the postmaster and a merchant at Stoneham, had, within less than a month previous to this occurrence, as a matter of accommodation, delivered the first mentioned message to Hosea at the request of the agent. And he testified that if he had been offered $2 to deliver this message he would have done so; that he would have been ready at any time to have gone out and delivered it, charging less than $2 for so doing. The agent did not speak to him, however, about delivering it. Appellee testified that if the message had been delivered at any time on the afternoon of March 30th, he could and would have gone to Lufkin and been present at the funeral of his mother; that he could have met either one of the trains at Stoneham that evening within an hour's time after receiving the message.

The principal errors assigned are predicated on the charge of the court and its failure to give certain special charges requested by appellant. The charge of the court as given, in our opinion, clearly

presented the law arising upon the facts, eliminating all questions of negligence from the consideration of the jury, except that as to whether or not appellant exercised ordinary care to deliver the message after the payment of the special delivery fee. But appellant contends that the court, in addition to the submission of this issue, should also have given its special charges to the effect that unless the jury believed from the evidence that McGee, its agent, failed to exercise ordinary care to procure a messenger to deliver the telgram to plaintiff, and unless they further believed that he could have procured a messenger for said purpose, who could and would have delivered said telegram to plaintiff before the last train left in time for him to have reached Lufkin by 3 o'clock p. m. the next day, they would find for defendant. We are constrained to believe that these several special charges, embodying this idea, were properly refused; because it seems to us that when appellant sent the service message, demanding extra pay for the delivery of the message, and had received the same, then a new contract arose, whereby it bound itself to promptly deliver the message; and this duty could only be discharged by the exercise of ordinary care to do so, and a failure to exercise such care was negligence; which issue, as we have stated, was clearly presented in the charge of the court. Therefore, we think it was not error to refuse said special charges. (Western Union Tel. Co. v. Ayres, 47 Texas Civ. App., 557, 105 S. W., 1165; Western Union Tel. Co. v. Swearingen, 97 Texas, 293, 78 S. W., 491; Western Union Tel. Co. v. Swearingen, 65 S. W., 1080; Western Union Tel. Co. v. Teague, 8 Texas Civ. App., 444, 27 S. W., 958; Western Union Tel. Co. v. Cooper, 71 Texas, 507, 9 S. W., 598; Western Union Tel. Co. v. Hendricks, 26 Texas Civ. App., 366, 63 S. W., 341; Western Union Tel. Co. v. Hendricks, 29 Texas Civ. App., 413, 68 S. W., 720; Western Union Tel. Co. v. Cavin, 30 Texas Civ. App., 152, 70 S. W., 231; Western Union Tel. Co. v. Perry, 30 Texas Civ. App., 243, 70 S. W., 439; Reed v. Western Union Tel. Co., 31 Texas Civ. App., 116, 71 S. W., 389; Western Union Tel. Co. v. Belew, 32 Texas Civ. App., 338, 74 S. W., 799; Western Union Tel. Co. v. Shaw, 40 Texas Civ. App., 277, 90 S. W., 59; Western Union Tel. Co. v. Shockley, 57 Texas Civ. App., 30, 122 S. W., 945.)

We have carefully considered the remaining assignments complaining of the charge of the court, but think there is no merit in them, for which reason they are overruled.

If there was any error in overruling defendant's exception to the petition, the same was cured by the special charge requested by plaintiff, which was given by the court, directing the jury to disregard all the evidence relating to holding the remains, and the evidence of appellee's ability to have reached Lufkin in time for the funeral, if the remains had been held and the funeral postponed; for which reason the assignment complaining of this question is overruled.

Finding no error in the proceedings of the trial court, its judgment is affirmed.

Writ of error refused.                                    *Affirmed.*