WESTERN UNION TELEGRAPH COMPANY v. W. F. MITCHELL.

No. 625.—Decided February 14, 1898.

1. **Pleading—Damages.**
A petition seeking damages for delay in delivering a telegram to plaintiff convey-
ing information of the failure of water supply upon his ranch, whereby he was pre-
vented from making necessary arrangements with others for obtaining such sup-
ply, is subject to special demurrer for failing to allege the particular arrangement
which plaintiff could have made to secure the water. (Pp. 456, 458.)

2. **Evidence—What Witness Would Have Done.**
On the issue of negligence in failing, in plaintiff's absence, to deliver a telegram
addressed to him to his wife or other person designated by the sender, they may
testify what they would have done with respect to forwarding it, if it had been so
delivered. (P. 459.)

3. **Telegram—Delivery to Wife.**
It is not, as matter of law, the duty of a telegraph company, in the absence of
the addressee from home, to deliver to his wife a message directed to him; and it
was error to charge that such delivery would have been, in law, a delivery to him.
(Pp. 459, 460.)

QUESTIONS CERTIFIED from Court of Civil Appeals for the Third Dis-
trict, in an appeal from Hays County.

The case upon a former appeal, is reported in 5 Texas Civ. App., 527,
and 12 Texas Civ. App., 262.

*John A. Green, Sr., Hutchison & Franklin*, and *John A. Green, Jr.*,
for appellant.—The plaintiff claims special damages by reason of the
fact that he was not allowed the opportunity to make special arrange-
ments. When special damages are claimed the statement of the plead-
ings must be as full as the case will admit of. It was the duty of the
plaintiff to set out in particular the persons with whom and the manner
in which he could have made his special arrangements to have preserved
his cattle, so that the defendant might be put on full notice thereof and
be prepared to meet the issue with its proof. The petition in this case
was insufficient by reason of the defects herein mentioned. Railway v.
Curry, 64 Texas, 87; Comminge v. Stevenson, 76 Texas, 645; Watkins
v. Junker, 4 Texas Civ. App., 634; Railway v. Mitchell, 75 Texas, 79;
5 Encyc. Pleading and Practice, 719; 3 Sutherland, Damages, 426-7;
1 Sutherland, Damages, 763-6; Woods' Mayne on Damages, sec. 752.

The statements of the witnesses as to what they would have done in
the event certain other events had taken place were nothing but conjec-
tural, problematical opinions greatly to the prejudice of the defendant,
and were not admissible evidence. Rutledge v. Railway, 19 S. W.
Rep., 38; Railway v. Goben, 42 N. E. Rep., 1116; Smith v. Smith, 23
S. E. Rep., 270; Railway v. Lumber Co., 23 S. E. Rep., 737; Hinds
v. Keith, 57 Fed. Rep., 10; 1 Greenleaf on Evidence (Lewis' edition),
sec. 441; Railway v. Waldorf, 46 N. E. Rep., 88; Sonnefield v. Mayton,
39 S. W. Rep., 167; Tel. Co. v. May, 8 Texas Civ. App., 180.

This charge was clearly argumentative and upon the weight of the evidence. It virtually instructed the jury that the defendant did not deliver the message to plaintiff's wife when she was there in the town ready to receive it and such failure was negligence. The court should have left the question to the jury to decide under the general instruction that the defendant must use ordinary care to deliver the message. Land Co. v. Gardner, 25 S. W. Rep., 737; Hanna v. Hanna, 21 S. W. Rep., 720; McDonald v. Railway, 86 Texas, 1.

*L. H. Browne* and *Brown & Pritchett*, for appellee.—Said testimony of Mrs Mary Mitchell and G. G. Johnson, under the circumstances, was admissible. Tel. Co. v. Moore, 76 Texas, 66; Tel. Co. v. Hoffman, 80 Texas, 420; Tel. Co. v. Cooper, 71 Texas, 507; Tel. Co. v. Brown, 84 Texas, 54; Tel. Co. v. Cooper, 20 S. W. Rep.. 47; Tel. Co. v. May, 8 Texas Civ. App., 176; Tel. Co. v. Boots, 31 S. W. Rep., 825; Tel. Co. v. Smith, 33 S. W. Rep., 742; Tel. Co. v. Drake, 38 S. W. Rep., 632; Railway v. Richardson, 79 Texas, 649; Tel. Co. v. Karr, 5 Texas Civ. App., 60; Tel. Co. v. Carver, 39 S. W. Rep., 1021; Lawson, Expert and Opinion Ev., 460 to 465.

The trial court did not err in overruling the special exception to plaintiff's petition mentioned in the explanatory statement of the Court of Civil Appeals accompanying these questions. The point raised by that exception, was, among others, ruled upon in plaintiff's favor, and against defendant, on the 13th day of December, 1893, when this case was brought before the Court of Civil Appeals by plaintiff, in an appeal by plaintiff from a judgment of the District Court sustaining that, among other exceptions to plaintiff's petition. The Court of Civil Appeals, on that occasion, held the exception not well taken, and reversed and remanded the case. See 5 Texas Civ. App., 527; Wells v. Fairbanks, 5 Texas, 584; Oliver v. Chapman, 15 Texas, 403; Van Alstyne v. Bertrand, 15 Texas, 179; Railway v. Shafer, 54 Texas, 641; McCauley v. Long, 61 Texas, 79; Rowland v. Murphy, 66 Texas, 536; Russell v. Nall, 79 Texas, 664; Thompson v. Munger, 15 Texas, 523; Caldwell v. Haley, 3 Texas, 319; Hollingsworth v. Holshausen, 17 Texas, 41; Stephens, Pleading, 342, 371; Story, Eq. Pl., sec. 252.

In regard to the question submitted respecting the propriety of giving that special instruction asked by plaintiff, set out in said explanatory statement, we insist that there was no error in giving it. It was not on the weight of evidence, nor was it subject to any other of the objections made to it by defendant, and set out in said explanatory statement. We refer to the following decisions of the Courts of Civil Appeals, not as authority, but as showing how the matter has been to some extent handled and treated in those courts: Tel. Co. v. Clark, 38 S. W. Rep., 225; Tel. Co. v. Birchfield, 39 S. W. Rep., 1002; Given v. Tel. Co., 24 Fed. Rep., 118; Tel. Co. v. Trissel, 98 Ind., 566; Pearsall v. Tel. Co., 44 Hun., 532.

BROWN, Associate Justice.—The Court of Civil Appeals for the Third Supreme Judicial District has certified for our consideration the questions hereinafter stated, which are accompanied by a statement from which we make the following substantial statement of the facts necessary to the consideration of the questions submitted.

W. F. Mitchell filed a suit in the District Court of Hays County against the Western Union Telegraph Company, alleging in substance that on the 24th day of March, 1890, the plaintiff resided in San Marcos, Texas, and owned a cattle ranch in Presidio County, Texas; on which he had 10,000 head of cattle; that plaintiff at that time was in San Marcos, but the ranch and the cattle were under the control and management of his son, F. A. Mitchell, who was then on the ranch and in the active management of the same. It is alleged that the supply of water on the said ranch was amply sufficient for the support of the cattle held on it, up to the 23rd day of March, 1890, when the supply of water was suddenly greatly diminished, so that on the 24th of that month the cattle were in great danger of famishing for water unless speedily relieved, which F. A. Mitchell was not able to do, in the absence of the plaintiff, nor could anyone else procure water for the said cattle, because it required that special negotiations should be made on behalf of the plaintiff with third parties, which negotiations neither F. A. Mitchell nor any other person could effect. That if plaintiff had been present he could have made such arrangements in time to have saved his cattle from the damages which they afterwards sustained.

The petition alleged that on the 24th day of March, 1890, F. A. Mitchell, as agent for the plaintiff, caused to be delivered to the agent of the defendant at the town of Marfa, Texas, the following message:

"MARFA, TEXAS, 3–24–90.
"To W. F. Mitchell, San Marcos.
"Water is getting low. Come out.
[Signed] "F. A. Mitchell."

It is averred that at the time this message was delivered to the defendant's agent, the latter was informed of the dangerous situation of the cattle, that they were upon the ranch, and the supply of water had become insufficient, and the cattle were in present danger of starving for water, and of the necessity for the presence of the plaintiff to provide water; also that the message was being sent to the plaintiff that he might come with all possible speed to make necessary arrangements for water. That plaintiff was ignorant of the failure of the water and of the dangerous situation of his cattle, and remained absent from the ranch three days longer than he would if he had received the message in due time. It is alleged that if the message had been delivered in a reasonable time the plaintiff would have gone to his ranch at once, and could and would have made arrangements for water for his cattle which would have prevented the losses that occurred thereafter. It was not

averred that he could have made any particular arrangements with any particular person in order to have procured the water, nor what kind of arrangements could have been made. The petition charged that the defendant negligently failed to deliver the message to the plaintiff whereby he was prevented from repairing to his ranch and making arrangements for water for his cattle, and in consequence of which he suffered the damages which were particularly set out.

The defendant filed special exceptions to the petition "because it is not alleged therein when, where, and in what manner he could have arranged to get water for his cattle and thereby avoid the injuries complained of." The trial court overruled the exception, to which the defendant excepted, and the ruling is assigned for error.

Plaintiff was in San Marcos at his residence on March 24, 1890, until about 10:50 a. m., when he went to the depot and took passage on a south-bound passenger train on the International & Great Northern Railroad for Pearsall, which is situated on that road about fifty miles south of San Antonio, and reached Pearsall at about 2 p. m. of the same day, where he remained at a public hotel until 11 a. m. the next day. Mrs. Mary Mitchell, wife of the plaintiff, remained at home in San Marcos, a large two-story house in the thickly settled portion of that town. Defendant's agent at San Marcos was not acquainted with Mitchell at that time, but became acquainted with him a few days afterwards.

The evidence for the plaintiff tended to show that on the afternoon of March 24th the agent of defendant at San Marcos telegraphed to the agent of defendant at Marfa that the addressee of the message could not be found in San Marcos, and that the agent at Marfa made inquiry of Gillette, who delivered the message to him, and was by Gillette instructed to have the message delivered to Johnson & Johnson, a firm of merchants in San Marcos.

Upon the trial of the case, the attorneys for the plaintiff asked G. G. Johnson, a member of the firm of Johnson & Johnson, and Mrs. Mary Mitchell, each separately in substance the following question: What he or she could and would have done if the message had been delivered to him or to her on the evening of the 24th of March? To which question, each witness answered in substance that he or she, as the case might be, would have sent it to the plaintiff at Pearsall. To which questions and answers the defendant objected, "because it invades the province of the jury, is problematical and is merely an opinion." The objections were overruled and exceptions saved.

. The court charged the jury as follows: "If you find from the evidence in this case that on the 24th day of March, 1890, the defendant; at Marfa, Texas, received and accepted for transmission and delivery, the telegraph message described in plaintiff's petition, and that when the message arrived at San Marcos W. F. Mitchell was absent from his place of residence, but that his wife was at his place of residence, then you are further instructed that a delivery of it to her, at his place of

residence, in his absence, would have been, in contemplation of law, a delivery of it to him."

The Court of Civil Appeals submitted to this court the following questions:

"1. Did the trial court err in overruling the special exception to the plaintiff's petition, as set out above?

"2. Did said court err in overruling the objections interposed to the testimony, as set out above?

"3. Is the special charge above quoted subject to any of the objections urged against it, as set out above, and did the trial court commit error in giving said charge?"

The trial court erred in overruling the special exception to the plaintiff's petition mentioned in the first question submitted.

The particular arrangement which the plaintiff could have made to secure water for his cattle if he had received the telegram in time is a fact and not the evidence of a fact. It is a material fact·in this case, without proof of which no recovery can be had.

The object of pleading is to notify the opposite party of the facts which the pleader expects to prove, and the allegation of such fact must be made with that certainty which will enable the adverse party to prepare his evidence to meet the alleged facts. Whatever falls short of doing this is not good pleading and is subject to demurrer. Ransome v. Bearden, 50 Texas, 128. In the case cited this court said: "In the case before us the plaintiff's pleadings nowhere stated what facts came to her knowledge leading her to the discovery that the will was forged. The allegations were not such as to enable the defendant to anticipate the facts on which plaintiff relied, and he could not prepare to rebut or disprove them. The construction which we have given the statute will require the application to this case of the rule of pleading laid down in Bremond v. McLean, and would lead to the conclusion that plaintiff's petition was defective."

In Bremond v. McLean, 45 Texas, 19, the plaintiff in order to avoid the bar of the statute of limitation alleged that he could not by due diligence have discovered the fraud which he alleged to have been practiced upon him. To this general allegation the defendant excepted specially, which was overruled, and this court said: "The mere statements in the petition that the plaintiff could not have discovered that the alleged representations of defendant were false and fraudulent by the use of reasonable diligence, evidently will not relieve him from the bar of the statute. If the want of such knowledge will prevent the running of the statute it is not sufficient for the plaintiff to assert merely the conclusion that he could not have discerned that the representations made him were false. by the use of reasonable diligence, but he must state the facts upon which he relies, that the court may see whether they justify and support such a conclusion. The exception to the petition on this ground was well taken and should have been sustained."

The allegation in the plaintiff's petition that he could have made ar-

rangements by which to secure water for the relief of his cattle is but a conclusion drawn from the particular facts of the case, and if he had attempted to prove by any witness the conclusion as alleged it would have been objectionable upon the ground that it was a statement of a conclusion and not of a fact.

There was no error in the action of the trial court in overruling the objections presented to the evidence of Johnson and Mrs. Mitchell. What a party would do under a given state of facts which call upon him or her to perform a duty to some other person, is not a matter of opinion merely, but a fact which can be testified to by such person, and if the defendant failed to perform a duty which it owed to the plaintiff in not delivering the message to either witness, the plaintiff was entitled to show that if the duty had been performed by such delivery the person to whom it would have thus been delivered would have transmitted it to him and thereby the injury could have been averted.

There was error in giving the special charge mentioned in the third question. The general rule is expressed by Croswell in his Work on the law of Electricity, section 412, thus: "The leading principle as to delivery of a telegram is that the message is to be delivered to the person to whom it is addressed, and the place of address is subordinate to the person; and therefore if the person cannot be found at the street and number or other place to which the telegram is addressed, but can be found by reasonable efforts of the telegraph company in some other place, it may be negligence for the company to leave the telegram at the place of address without making further efforts to find the absent person and make personal delivery." Telegraph Company v. Cooper, 71 Texas, 507; Telegraph Company v. Houghton, 82 Texas, 651; Telegraph Company v. Newhouse, 6 Ind. App., 422; Pope v. Telegraph Co., 9 Mo. App., 283.

. If a message be addressed to the care of another, it may be delivered to such person; or if the addressee has taken rooms at a hotel, where it is the custom to deliver mail and such messages, it will be presumed that the clerk is the agent of the guest to receive messages of this character, and a delivery to such clerk will be sufficient.

The wife as such is not in law the general agent of her husband, and we know of no principle of law that would justify the conclusion that it was the duty of the defendant to deliver the message in this case to Mrs. Mitchell, nor that such a delivery to her would have satisfied the obligation of the Telegraph Company to Mitchell.

The duty which the Telegraph Company owes to the addressee is personal and cannot be discharged by making inquiry for the person to whose care the message may be sent, nor by applying to the place of business or residence of the addressee, but inquiry must be made for the person addressed, if the circumstances are such as to show that he may probably be found away from such place of business or residence. The place to which a message is sent is but a guide for the messenger and does not determine the measure of his diligence. Whether the

messenger who is charged with the delivery of a telegram and fails to present it at the residence or place of business of the addressee has used ordinary diligence such as the law requires, is a question of fact for the jury; and it was error for the court in effect to charge the jury as a matter of law that it was a duty of the Telegraph Company to deliver the message to the plaintiff's wife.

Attorneys for appellee cite the case of Given v. Telegraph Company, 24 Fed. Rep., 118, as supporting the charge of the court above referred to; and upon a careful investigation we have found Telegraph Company v. Woods, 56 Kan., 737, which we think is more nearly in point. The former case was based upon substantially the following facts: A message was sent to the plaintiff, and the telegraph company inquired at his place of business, ascertaining that he had left the city, and having exhausted all means of delivering the message to him personally, delivered it to his wife and notified the sender of the fact of such delivery. The court held that the telegraph company had used due care and had discharged its duty to the plaintiff, but did not hold that it was the duty of the company to make the delivery to the wife.

In the case of Telegraph Company v. Woods, above cited, a message was sent to the plaintiff in the case at the town of his residence. He was a merchant and his store was a short distance from the telegraph office, where his wife was in charge of the business and he had a clerk employed also. His residence was also near by. The party addressed was out of the town, and the telegraph company failed to apply at his place of business or residence for information or for the purpose of delivering his message. The court held as follows: "Being unable to make a personal delivery at that place, it was the duty of the company to deliver it to his wife or to his clerk at the store or to members of his family at his residence. If delivery had been made at either of these places, the agents of Woods would have had time and opportunity to have sent a message to him at Grand Summit, and thus have averted the loss which followed." It will be observed that the court here speaks of the persons to whom the delivery should have been made as the agents of the party addressed, and in so far as they were agents and authorized to receive the message this is a correct expression of the law, but that portion which announces that it was the duty of the telegraph company to deliver to members of the family is purely dictum and without any support whatever.

DENMAN, Associate Justice, did not sit.