WESTERN UNION TELEGRAPH COMPANY v. N. L. HENDRICKS.

Decided May 6, 1901.

**1.—Telegraph Company—Delivery of Message—Addressee Absent.**

Where extra compensation for delivery of a death message beyond the regular limits was paid by the sender, with guaranty of any additional expense that might be necessary, it was the duty of the telegraph company, where the addressees were not at their place of business or their residences, because temporarily gone to another town, to make reasonable efforts to find them and deliver the message, and a failure to do so was negligence.

**2.—Same—Delivery to Partner.**

Where a death message was set to H., who lived out of town, in care of S., who resided in town, with extra charges paid to secure delivery, and S. was absent, a delivery to his business partner at their place of business was insufficient, no effort having been made to deliver at the addressee's residence.

**3.—Same—Retransmission of Message.**

Where the addressee of a death message, for the prompt delivery of which extra compensation had been paid, was known by the company's receiving agent to be in another town where it had an office, a failure to retransmit the message to such other town was negligence.

**4.—Same—Damages.**

Where plaintiff, had the message been promptly delivered, could not have reached his son before the latter's death, the jury were not warranted in finding any damages in plaintiff's favor because he was deprived of being with his son before the latter died.

Appeal from the County Court of Collin. Tried below before Hon. J. H. Faulkner.

*N. L. Lindsey,* for appellant.

*T. S. Jackson* and *Abernathy & Mangum,* for appellee.

BOOKHOUT, Associate Justice.—Appellee sued for damages for injury to his feelings, on account of an alleged delay in delivery of a telegraphic message as follows:

"Red Ook, I. T., April 2, 1900.—N. L. Hendricks, care of Andrew Shirley, Anna, Texas: William expected to die. Come at once or reply. Pneumonia. (Signed) J. W. Hendricks."

The ground of damage claimed is that, by delay in getting the message, he was prevented from going to the place where his son was, and the place of burial, as soon as he could and would have done had the message been promptly delivered, and that by reason thereof he was prevented from seeing his son, both in life and after death, to his damage in the sum of $995, for which sum he pleads judgment.

Appellant by its answer pleads: (1) A general demurrer; (2) a special exception; (3) a general denial. The demurrers were overruled, and the trial resulted in a judgment for appellee in the sum of $700. Motion for new trial was overruled, notice of appeal given, and this appeal is prosecuted.

1. Appellant's first assignment complains that the trial court erred in overruling its special demurrer, the ground of the demurrer being that the petition shows no cause of action in that it states that N. L. Hendricks, the addressee and plaintiff, and Andrew Shirley, in whose care the message was sent, were not in the town of Anna on the 2d day of April, 1900, but were at McKinney, Texas, and no contract is alleged to have existed between plaintiff and defendant whereby defendant was required to make delivery at McKinney.

The demurrer was properly overruled. The petition alleges, in substance, that when the message was delivered to the defendant's agent at Red Oak he was notified of its importance and the importance of a speedy delivery, and of the relationship of the parties, and that the addressee, N. L. Hendricks, was the father of William, named in the telegram, and that N. L. Hendricks lived in the country, four miles from the town of Anna. That for the purpose of a prompt delivery, J. W. Hendricks paid to the defendant and its agent $5, which was largely in excess of its regular tariff rate for the transmission of said message within the free delivery limits, and which sum was then and there agreed upon by defendant and its agent and said J. W. Hendricks as the reasonable, proper, and agreed charge for promptly transmitting and delivering said message to the addressees therein named and to plaintiff. That to further insure transmission and delivery of said message, further cost, if any, was guaranteed by J. W. Hendricks, which

guaranty defendant accepted, and bound itself to transmit and deliver said message within a reasonable time to the addressees named therein and to plaintiff.

Under the facts as plead it was the duty of defendant to transmit and deliver said message within a reasonable time to the addressees or one of them. If Andrew Shirley could not be found at his place of business, and N. L. Hendricks was not at his residence, then the agent of the company should have made reasonable efforts to find them, and if by reasonable efforts on the part of the company the messsage could have been delivered, it would be negligent in not making such delivery.

2. It is contended that the court erred in refusing a charge requested by the defendant to the effect that if they found that N. L. Hendricks and Andrew Shirley were in the city of McKinney on April 2, 1900, and that it was impossible to deliver the message to either of them in the town of Anna in person, then the delivery of the message at Andrew Shirley's place of business, and to his brother and partner in charge of said business, was in law a delivery to Andrew Shirley in person.

The addressee, N. L. Hendricks, and Andrew Shirley, the person in whose care the message was sent, were both absent from the town of Anna, the place to which the message was addressed the day it was received there. The evidence shows that the message was taken to the place of business of Andrew Shirley and left with his brother and partner in business, Fred Shirley. When a telegram is sent in care of another person than the addressee, a delivery to such person is a compliance with the contract. Can it be said that because Fred Shirley, the person with whom the message was left, was the brother and partner of Andrew Shirley, that this made him his agent? The message did not relate to the partnership business of the Shirleys. The fact that they were related did not constitute one the agent of the other.

It is held that a charge, that in the absence of the husband it was the duty of the company, if his wife was at his residence, to deliver to her a message addressed to him, was error, she not being the general agent of her husband. Telegraph Co. v. Mitchell, 91 Texas, 454. If delivery to the wife of the addressee is not in law a delivery, we do not think delivery to the brother and partner of the person in whose care a message is sent can in law be held a delivery. There is no evidence that Fred Shirley had authority to receive telegrams addressed to Andrew Shirley, nor to receive telegrams addressed to another in his care. It was the duty of the company, when it ascertained that the person in whose care the message was addressed was absent, to send the message to the residence of the addressee. Mrs. Hendricks testified that had it been sent to their residence she would have sent it to her husband at McKinney.

The agent who received the message at Red Oak for transmission knew that it was a death message, and was further notified of the importance of its prompt delivery. He was paid $5 to insure such delivery, and was told that if this was not sufficient the sender would pay

more.   No attempt was made to deliver the message at the residence of the addressee.   The requested charge was properly refused.

3.   It is contended that the court should have given a special charge requested by the defendant to the effect that the company was not required to retransmit the message to McKinney.   McKinney is on the Houston & Texas Central Railroad, and is twenty miles south of Anna. Defendant company maintains an office there.   There was evidence tending to show that the defendant's agent at Anna knew that N. L. Hendricks and Andrew Shirley were both in McKinney when he received the message.   There is evidence tending to show that had the message been forwarded to McKinney it would have been delivered.   In view of the fact that the company knew of the importance of the message, and had been paid an extra amount to secure prompt delivery, and guaranteed a further sum, it was a question for the jury to determine whether the company should have retransmitted the message to McKinney to be delivered by its agent there, and is governed by the rule as to whether a reasonably prudent person would have taken this course.   The charge as given by the court covered this phase of the case, and there was no error in refusing the charge requested.

4.   Appellant requested a charge instructing the jury, in effect, that they could not, in any event, find any damages in favor of plaintiff for failure to be with his son during his last illness and before his death. The contention is that there is no evidence that plaintiff could have reached his son prior to his death had the message been promptly delivered.   The message was received by the defendant's agent at Anna at 8:53 o'clock a. m. on Monday, April 2d.   William Hendricks died between 8 and 9 o'clock that night.   Had the message been sent to the residence of plaintiff, Mrs. Hendricks testified that she would have put a boy on a horse and sent it to her husband at McKinney.   It takes about two hours to drive from plaintiff's residence to McKinney.   Had this been done, and had plaintiff taken the first train passing McKinney north, he would have arrived at South McAllister at 6:40 p. m.   South McAllister is forty-five miles from Red Oak, and is on the Oklahoma & Choctaw Valley Railway, and it was not shown that there was any train leaving South McAllister over that road for Red Oak until the next day. It takes four hours to drive from South McAllister to Red Oak, which would have placed plaintiff in Red Oak too late to see his son alive. Had the message been retransmitted by the agent of defendant from Anna to McKinney, the result would have been the same.   Under the facts as shown, the special charge should have been given.

The charge of the court authorizes the jury to find damages for plaintiff's failure to be with his son before his death.   As the evidence did not warrant a recovery for damages resulting from plaintiff's failure to be with his son before his death, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*