WESTERN UNION TELEGRAPH COMPANY v. C. R. COOK.

Decided January 23, 1907.

**1.—Telegraph—Pleading—Negligence.**

A general allegation of negligent delay in the transmission and delivery of a telegram held to raise the issue of such default by defendant at any part of the line, whether the office receiving it for transmission was controlled by defendant or by another.

**2.—Telegraph—Rush Message—Contract.**

Pleading held sufficient to charge an agreement by defendant to "rush" a message received for transmission.

**3.—Rush Message—Office Hours.**

A contract to "rush" the delivery of a telegram was within the apparent authority of the agent receiving it, and the agreement was not affected by defendant's regulations as to office hours at the terminal station of which the sender had no notice.

**4.—Telegram—Right of Action—Party to be Benefited.**

The one for whose benefit a telegram was sent may maintain action for damages by delay in transmission and delivery, whether the sender was his agent or not.

**5.—Rush Message—Diligence.**

Evidence held to support an undertaking for special diligence to accomplish prompt transmission and delivery of a telegram and failure to use such diligence.

**6.—Claim of Damages—Notice—Suit.**

A contract making notice of claim within ninety days a condition of recovering damages for default in transmission or delivery of a telegram is met by suit brought within that time.

**7.—Contributory Negligence—Postponement of Funeral.**

That damages claimed by plaintiff for delay of telegram preventing his presence at a funeral might have been obviated by a telegram from him asking its postponement was matter necessary to be alleged and proved in defense.

**8.—Rule—Office Hours—Evidence.**

Evidence that the work of an agent of both the railway and telegraph companies at a small station was very light was admissible as bearing on the reasonableness of a rule of the latter company as to office hours.

**9.—Charge—Omission—Request.**

Appellant should have requested more specific instructions to entitle him to complain of a charge not full nor positively erroneous.

**10.—Charge—Ignoring Issue.**

A requested charge is properly refused where it ignores an issue of fact which would alter the conclusion to be drawn from the facts on which it is based.

**11.—Telegram—Diligence—Press of Business.**

A requested charge was erroneous in excusing. a telegraph company for delay in transmission of a message if its wires were occupied with other business, without regard to the relative importance of the business.

**12.—Charge.**

There was no error in refusing requested instructions on subjects fully and properly covered by the court's charge.

**13.—Telegraph—Delay.**

Evidence held to support a recovery of damages for delay in transmission and delivery of a telegram, whereby plaintiff was prevented from attendance at the funeral of a relative.

Appeal from the District Court of Brown County. Tried below before Hon. John W. Goodwin.

*Arch Grinnan,* for appellant.—The pleadings did not raise the issue that defendant received the message at its office in Dallas, and that after having so received it at Dallas, it did not exercise ordinary diligence in the transmission and delivery of same to plaintiff. Ft. Worth & D. C. Ry. v. Measles, 81 Texas, 474; Island City Boating Co. v. New York & T. Steamship Co., 80 Texas, 377; Western U. T. Co. v. Smith, 88 Texas, 13; Western U. T. Co. v. Smith, 88 Texas, 13; Kildow v. Irick, 33 S. W. Rep., 315; People Building & Savings Assn. v. Elliott, 33 S. W. Rep., 545; Western U. T. Co. v. Lyman, 22 S. W. Rep., 656.

The plaintiff does not allege a contract whereby defendant agreed to rush the message through and deliver the same to C. R. Cook at Blanket, Texas. Western U. T. Co. v. Rawls, 62 S. W. Rep., 137.

The undisputed testimony shows that defendant's agent did not have authority to make the contract referred to. Gulf, C. & S. F. Ry. v. Brentford, 79 Texas, 625.

The instrument [the telegram in question], purports to be a written contract between W. J. Cook and the defendant, and as there are no allegations in the plaintiff's petition corresponding therewith, it was error for the court to admit the same in evidence. Gale M'fg. Co. v. Finkelstein, 59 S. W. Rep., 571; Heffron v. Pollard, 73 Texas, 101; Tinsley v. Dorrell, 87 Texas, 28.

Plaintiff's right to recover herein is based on contract, and not on tort, and the evidence is not sufficient to prove the contract alleged to have been made with defendant by J. B. Malone as agent of plaintiff. Western U. T. Co. v. Christensen, 78 S. W. Rep., 745; Heffron v. Pollard, 73 Texas, 96; Duncan v. Niles, 83 Am. D., 293; Hall v. Crandall, 89 Am. Dec., 64; Ogden v. Raymond, 58 Am. Dec., 429; Elliott v. Western U. T. Co., 75 Texas, 18.

The contract should be mutually binding on both parties thereto in order to sustain an action by one for damages for its breach. Tinsley v. Dowell, 87 Texas, 28; Haldeman v. Chambers, 19 Texas, 40, 50.

If Malone made the contract as the agent of W. J. Cook, then it is not Malone's contract, and such evidence would not support the allegation in plaintiff's petition of a contract between said Malone and this defendant. Tinsley v. Dowell, 87 Texas, 27; Gale Mfg. Co. v. Finkelstein, 59 S. W. Rep., 571.

When the act of an agent is not done within the scope of his employment, or in obedience to the master's orders, it is not the act of the master, and the master is not responsible. Western U. T. Co. v. Foster, 64 Texas, 221; Texas Tel. & Tel. v. Seiders, 29 S. W. Rep., 260.

As the defendant used reasonable diligence to deliver the message with reasonable dispatch, it is not liable for damages for failure to sooner deliver the message in question. Western U. T. Co. v. De Jarles, 27 S. W. Rep., 792.

As the contract alleged in plaintiff's petition only obligates defendant to deliver the message to plaintiff in Blanket, Texas, and as the evidence shows that the plaintiff left Blanket before defendant by reasonable diligence could have transmitted and delivered the same to him at Blanket, and no one in Blanket was authorized to receive said message for him, and he received said message before he returned to Blanket, the defendant is not guilty of the negligence alleged, or liable for the damage claimed in plaintiff's petition. Western U. T. Co. v. Hendricks, 63 S. W. Rep., 720; Western U. T. Co. v. Christensen, 78 S. W. Rep., 744.

It was the duty of defendant's agent to conform to its rules and regulations, and if he made a contract with plaintiff contrary thereto, the burden of proof is on the plaintiff to establish the authority of said agent to make said contract, before defendant can be held liable thereon. Baker & Co. v. Kellett C. Co., 84 S. W. Rep., 662; Western U. T. Co. v. Gibson, 53 S. W. Rep., 712.

The petition is insufficient because it fails to show that plaintiff replied to the telegram alleged announcing his coming, and that the funeral would not have been postponed had he done so. Western U. T. Co. v. Swearingin, 78 S. W. Rep., 492; Jones v. Roach, 21 Texas Civ. App., 304; Erie Tel. Co. v. Grimes, 82 Texas, 94.

Under its contract the defendant was only bound to deliver the message to plaintiff at the town of Blanket, and within the free delivery limits. Western U. T. Co. v. Smith, 88 Texas, 10; Western U. T. Co. v. Swearingin, 67 S. W. Rep., 767; Western U. T. Co. v. Redinger, 22 Texas Civ. App., 364; Western U. T. Co. v. Byrd, 79 S. W. Rep., 41.

The evidence shows that W. W. Simmons received the message for transmission as the agent of the Texas & Pacific Railway Company, and as there are no allegations in plaintiff's petition showing defendant to be liable for or on the contracts of the said railway company, or its agents, the plaintiff was not entitled to the judgment rendered herein. Western U. T. Co. v. Smith, 88 Texas, 11; Western U. Tel. Co. v. Byrd, 79 S. W. Rep., 41.

*Wilkinson & Lee,* for appellee.—It was at least within the apparent scope of the authority of said agent to make the contract complained of; and if in fact contrary to his private instructions, the plaintiff could

not be prejudiced thereby unless ·it was shown that he had knowledge of such fact.    Western U. T. Co. v. Broesche, 72 Texas, 654-659; Western U. Tel. Co. v. Bruner, 19 S. W. Rep., 149, 150; Western U. Tel. Co. v. Hill, 26 S. W. Rep., 252, 253; Robinson v. Western U. Tel. Co., 43 S. W. Rep., 1053, 1054; Seffel v. Western U. Tel. Co., 57 S. W. Rep., 857, 858; Western U. Tel. Co. v. Rowe, 16 Texas Ct. Rep., 863-865; Western U. Tel. Co. v. Cavin, 70 S. W. Rep., 229-231; Western U. Tel. Co. v. Perry, 70 S. W. Rep., 439, 440; Western U. Tel. Co. v. Shaw, 77 S. W. Rep., 433-435; Brown v. Western U. Tel. Co., 21 Pac. Rep., 988-990; McPeek v. Western U. Tel. Co., 70 Am. St. Rep., 205-212; Carland v. Western U. Tel. Co. 74 Am. St. Rep., 394-401 and note; 27 Am. & Eng. Enc. of Law (2d ed.), pp. 1038 and 1040, sub. 3.

The message under consideration having been sent for the benefit of plaintiff, and he being the party damaged by the defendant's negligence in its transmission and delivery, he had the right to sue for damages regardless of the question by whom, or by what authority, the message was sent.    Western U. Tel. Co. v. Adams, 75 Texas, 531-537; Western U. Tel. Co. v. Beringer, 84 Texas, 38-40.

The message being one of gravest importance, and the addressee being temporarily absent from home, appellant should have exercised a degree of diligence proportioned to the emergency of the message, and the gravity of the situation.    This diligence required that appellant should have either delivered the message or a copy of same to some member of the addressee's family, or at least informed them that it had such message for him, and of its nature.    Western U. Tel. Co. v. Hendricks, 68 S. W. Rep., 720, 721.

Notwithstanding the delay in the transmission and delivery of said message to plaintiff, his failure to reply thereto for the purpose of postponing his father's funeral, even if he could have done so, would not relieve the defendant from liability for its negligence.    Western U. Tel. Co. v. Hill, 26 S. W. Rep., 252, 253; Western U. Tel. Co. v. Crawford, 75 S. W. Rep., 843.

EIDSON, Associate Justice.—This is an action by appellee against appellant for damages for failure to promptly transmit and deliver a certain telegram.    The trial before court and jury resulted in a verdict and judgment in favor of appellee for the sum of $750.

By its first assignment of error appellant contends that the court below erred in giving to the jury the paragraph of its charge which authorized a recovery by appellee if appellant received the message at its Dallas office and thereafter failed to exercise proper diligence in its transmission and delivery, upon the ground that appellee's pleadings did not raise that issue.    We do not think this contention of appellant can be sustained, in view of the record.    We are of the opinion that the following allegations embraced in appellee's petition "that said message was not transmitted and delivered as early as nine o'clock on the night of April 17, 1904, and was not properly transmitted and delivered at all  .  .  .  but, on the contrary, by reason of the negligence and carelessness of defendant's agents and servants to whom the transmission and delivery of said message was entrusted, such transmission and delivery was grossly delayed, and it was not delivered to plain-

tiff or his home, which is in said town of Blanket, till about ten o'clock a. m., April 18, 1904," in connection with those quoted by appellant in its statement under this assignment, properly raised the issue which was submitted to the jury. The agents and servants of appellant mentioned in the quotation above, included those at Dallas and those handling the message subsequent to its receipt at Dallas. We think the allegations to the effect that the agent and operator of appellant when he received the message then and there agreed, promised and contracted with the sender that he would rush same through to its destination and deliver it to appellee as soon as possible, charges a contract upon the part of appellant, especially in the absence of a special exception.

The court in its main charge properly instructed the jury on the issue as to office hours, and it was within the apparent authority of appellant's agent and operator to make the contract complained of; and appellee would not be bound by any rule of appellant of which he had no knowledge. Hence we overrule appellant's second assignment of error.

Appellant's third and fourth assignments of error are not well taken. It was alleged and the testimony tended to prove, that the message was sent for appellee's benefit and that he was damaged by the delay in its transmission and delivery. It is unimportant as to whose agent the sender of the message was, or whether he was previously instructed to send same. The party who in fact was to be served and who was damaged, is authorized to maintain the suit. (Western U. Tel. Co. v. Adams, 75 Texas, 531; Western U. Tel. Co. v. Beringer, 84 Texas, 38.)

We overrule appellant's fifth assignment of error for reasons stated in disposing of its second. We think the evidence warranted the jury in finding that appellant agreed to rush through and promptly deliver the message; and we do not think the fact that appellee was not at home at the time the message would have been received at Blanket had it been promptly transmitted, would relieve appellant as matter of law from the exercise of ordinary diligence in delivering the message to him or notifying him of its receipt, but it was a question of fact for the jury to determine under all the evidence adduced as to whether the message would have been received by appellee in time for him to have taken the train on the night of the 17th, had the appellant exercised proper diligence in transmitting and delivering same. The testimony shows that when the message was received at Blanket appellee was absent, and appellant delivered it to his wife at his home and he was promptly notified of its receipt. Hence we overrule appellant's sixth assignment of error.

There is no merit in appellant's seventh assignment of error, as the suit was brought and citation issued and served within ninety days after the message was received by appellant for transmission.

There was no error in the action of the court complained of by appellant's eighth assignment of error. It was not required of appellee to allege in his petition that he had replied to the message announcing his coming, or that the funeral would not have been postponed had he done so. The allegations in his petition were sufficient to show liability on the part of appellant, and if the funeral would have been postponed

until the arrival of appellee, it was matter of defense to be pleaded and proven by appellant.

The evidence, admission of which is complained of by appellant's ninth assignment of error, was proper on the issue as to whether appellant's rule as to office hours was reasonable.

There was no error in the paragraph of the court's charge complained of in appellant's tenth assignment of error, especially when considered in connection with other portions of the charge.

There was no positive error contained in that part of the charge of the court complained of in appellant's eleventh assignment. If appellant desired a more full or specific instruction on the subject embraced in the charge complained of, it was its duty to request same. And the instruction set out in appellant's second eleventh assignment of error was properly refused, as there was no evidence authorizing it, and because same ignored appellee's rights in the event appellant failed to use proper diligence to deliver the message within the free delivery limits.

The message being sent for the benefit of appellee, it made no difference who wrote it. Hence appellant's special charge embraced in its thirteenth assignment of error was properly refused.

There was no error in refusing appellant's special charge embraced in its fourteenth assignment of error, because it assumes that delays were caused by the wires of appellant being busy in the transmission of other messages, and because under this special charge appellant would be relieved of liability if its wires were busy in the transmission of other messages, regardless of the character of same, or for whose benefit they were being transmitted. Under this special charge appellant would be relieved of liability if its wires were busy in the transmission of some unimportant matter for itself, which we do not believe to be a correct principle of law.

Appellant's special charge set out in its fifteenth assignment of error ignores appellant's liability if there was a special contract to rush and promptly deliver the message; and the court's main charge properly instructed the jury as to appellant's rights under its rule in reference to office hours. Hence said special charge was properly refused.

The special charge requested by appellant and embraced in its sixteenth assignment of error, ignored appellant's liability in the event of negligence on its part in the transmission and delivery of the message after its receipt at its Dallas office, and, for that reason, should not have been given to the jury; and, in so far as it was proper to instruct the jury on the subject matter of that special charge, the main charge of the court was sufficient.

Appellant's seventeenth assignment of error is overruled, because there was evidence, as shown by the record, sufficient to support a finding by the jury that W. W. Simmons was, on the date he received the message in question, the agent of and acting for appellant; and, further, there was evidence sufficient to support a finding by the jury that the message was received by appellant at its Dallas office, and that after so receiving same it failed to exercise proper diligence in transmitting and delivering same to appellee, which was the direct and proximate cause of his damages, and that being true, the verdict and judg-

ment were supported by the evidence, although Simmons, the party who received the message at Weatherford, might not have been the agent of appellant.

No reversible error being pointed out in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.