**WESTERN UNION TELEGRAPH CO. v. NORDYKE, County Judge, et al.\***
(No. 2902.)

Court of Civil Appeals of Texas. Amarillo.
Nov. 9, 1927.

Rehearing Denied Dec. 1, 1927. Petition for Writ of Error Dismissed for Want of Jurisdiction. April 11, 1928.

1. **Telegraphs and telephones ⊕⇒37(1)—Telegraph company must use ordinary care to transmit and deliver messages.**

Telegraph company is required to use ordinary care to transmit and deliver messages received by it.

2. **Telegraphs and telephones ⊕⇒54(1)—Telegraph company may not contract against its own negligence relative to transmission and delivery of intrastate messages.**

Telegraph company must exercise ordinary care to transmit and deliver intrastate messages, and may not contract against its own negligence in performance of such duty.

3. **Telegraphs and telephones ⊕⇒61—Agreement of sender of intrastate message that telegraph company might mail message to addressee, for want of specific address, held not to relieve telegraph company from liability for negligent failure to deliver telegram.**

Mere fact that sender of intrastate telegraphic message agreed with telegraph company that it could mail the message to the addressee, on account of sender's inability to furnish specific address other than post office box, *held* not to relieve telegraph company from liability for negligence in failing to make any effort to find the addressee or deliver message to her, where addressee lived in city to which telegram was sent.

4. **Mandamus ⊕⇒172—Order granting plaintiff new trial after recovery of $100 verdict was not disturbed in mandamus proceedings where testimony was not disclosed (Rev. St. 1925, art. 2235).**

In action against telegraph company for negligent failure to deliver intrastate telegram, in which jury returned verdict for plaintiff for $100, court, where testimony was not disclosed, was not justified in holding in mandamus proceedings that trial court abused its discretion in granting plaintiff new trial, in view of Rev. St. 1925, art. 2235, permitting new trial where damages are too small or too large.

Appeal from District Court, Lubbock County; Clark M. Mullican, Judge.

Petition by the Western Union Telegraph Company for writ of mandamus to be directed to Charles Nordyke, County Judge, and others. From a judgment refusing the writ, relator appeals. Affirmed.

Wilson & Randal and J. I. Kilpatrick, all of Lubbock, and Wm. H. Flippen and John W. Miller, both of Dallas, for appellant.

Bean & Klett, of Lubbock, for appellees.

JACKSON, J. The relator, the Western Union Telegraph Company on May 23, 1927, filed a petition for mandamus in the district court of Lubbock county, Tex., complaining of the respondents, Charles Nordyke, county judge of said county and Mr. and Mrs. J. A. Freeland, husband and wife.

The record discloses that on January 3, 1927, Mrs. J. A. Freeland, joined by her husband, J. A. Freeland, instituted a suit in the county court of Lubbock county, Tex., of which county Charles Nordyke is county judge, to recover $1,000 damages for the alleged negligence of the Western Union Telegraph Company, for its failure to transmit and deliver to Mrs. J. A. Freeland the following telegram:

"Dallas, Texas, 10:30 a. m.
"October 31, 1926.
"Mrs. J. A. Freeland, Box 102, Lubbock, Texas.
"W. L. Waggoner died this morning at nine o'clock.                     Estelle Waggoner."

The petition filed in the county court alleges that the message was received by the telegraph company at Dallas, Tex., and the usual charges paid for its transmission to and delivery to Mrs. J. A. Freeland at Lubbock, Tex.; that she and her husband resided at the corner of Avenue S and Twenty-Seventh street in the town of Lubbock, and that they were well and widely known in said town, and could have been found and the message delivered by the exercise of ordinary care. The petition sufficiently sets up a cause of action against the telegraph company for its failure to exercise ordinary care in the transmission and delivery of the message.

The Western Union Telegraph Company answered by general demurrer and general denial and specially pleaded that on Sunday, October 31, 1926, at the time the message was delivered to it at Dallas, Tex., a request was made for a better address than the box number, and the sender was advised that, unless a better address was furnished, it would have to mail the message in the post office, and requested that it be furnished the telephone number or street number of the addressee in the message; that the sender failed to furnish any better address and stated to the company that the post office box was the only address she knew, and that the message would have to be mailed; that the telegraph company only contracted to transmit said message to Lubbock, Tex., and mail the same to the addressee; that the message was promptly transmitted and received at its office in Lubbock, Tex., at 10:32 a. m. October 31st, and promptly mailed in the post office in an envelope plainly addressed to Mrs. J. A. Freeland, box 102, and duly stamped, and the company thereby complied with its contract and the delay in receiving the message was not due to any fault or negligence of the telegraph company,

but to the failure of Mrs. J. A. Freeland to get her mail, or of the post office employees to place the telegram in plaintiffs' box, and to the negligence of the sender Estelle Waggoner in failing to furnish it with a better address, and alleged the negligence of the addressee and sender of the message as a bar to any recovery.

On the 8th day of April, 1927, the case was tried before a jury in the county court of Lubbock county, and in response to special issues submitted, the jury found, in effect, that the relator and the sender of the message at the time it was received for transmission, agreed that the message should be mailed at Lubbock, Tex., if the address of Mrs. J. A. Freeland was given as post office box 102, Lubbock, Tex.; that the relator, upon the receipt of the message at Lubbock, Tex., promptly mailed the message in the post office in a properly stamped envelope, addressed to Mrs. J. A. Freeland, box 102; that the relator did not use ordinary care, to deliver the death message to Mrs. Freeland, and that the damage sustained was the sum of $100.

That on the 9th day of April, 1927, the relator filed its motion for judgment on the verdict of the jury, and on the same date, Mr. and Mrs. Freeland filed their motion requesting that the verdict of the jury be set aside and that they be granted a new trial; that on the 12th of May, 1927, Charles Nordyke, the county judge of said county, refused the motion of relator for judgment, and granted a new trial.

On these facts, the relator, the telegraph company, bases its right to the issuance of a writ of mandamus by the district court of Lubbock county, Tex., to compel the county judge of said county to enter judgment on the verdict of the jury that the Freelands take nothing against it. In the mandamus proceedings the respondents answered by general demurrer and general denial, and on trial before the district court the writ of mandamus was refused, from which action of the district court, the relator prosecutes this appeal.

The relator assigns as error the action of the district court in refusing to issue a writ of mandamus in its behalf, compelling the county judge of Lubbock county, Tex., to enter a judgment in its favor on the verdict of the jury in county court, because the record shows that the county judge had and exercised no discretion in setting aside the verdict of the jury in granting a new trial, but acted arbitrarily and without authority of law. The contention of the relator is, in effect, that as it requested from the sender of the message a more definite address of the addressee than the post office box number, and not having been furnished with such address it contracted to transmit the message to Lubbock and there mail it to the addressee, properly stamped and addressed, and

the jury having found that it complied with such contract, no further duty was imposed upon it, and the district court should have issued a writ of mandamus, directing the county judge to enter a judgment in its favor.

[1] A telegraph company is required to use ordinary care to transmit and deliver messages received by it. Western Union Tel. Co. v. True, 101 Tex. 236, 106 S. W. 315; Western Union Tel. Co. v. Holcomb (Tex. Com. App.) 210 S. W. 509.

[2] This was an intrastate message and the duty of exercising ordinary care to transmit and deliver the message was imposed upon the relator by law, and against the performance of this duty it could not contract, because a telegraph company is not permitted to contract against its own negligence. Western Union Tel. Co. v. Linn, 87 Tex. 7, 26 S. W. 490, 47 Am. St. Rep. 58; Western Union Tel. Co. v. Piper (Tex. Civ. App.) 191 S. W. 817, and authorities cited. The relator made no effort to find the addressee and deliver the message, but contented itself with mailing the message on its receipt at Lubbock, in the post office, properly stamped and properly addressed to the addressee. There is no statement of facts showing what testimony was introduced at the trial in county court, but the jury found that the relator was guilty of negligence, which finding is not attacked. There is nothing in the record to indicate that the sender of the message was guilty of contributory negligence in failing to furnish a more definite address at which the addressee could be found. In fact, the relator alleges that the sender informed relator's clerk at Dallas, at the time the message was received for transmission that the post office box was the only address she knew.

[3] In our opinion, the telegraph company was not entitled to a judgment by showing that the sender agreed that it could mail the message to the addressee at Lubbock, because the sender could not furnish any more specific address, in view of the finding of the jury that the telegraph company was guilty of negligence in failing to deliver the message, and in view of the fact that the addressee lived in the city of Lubbock, and no effort was made by the company, other than to mail the message, to find the addressee or deliver the telegram to her. Klopf v. Western Union Tel. Co., 100 Tex. 540, 101 S. W. 1072, 10 L. R. A. (N. S.) 408, 123 Am. St. Rep. 831; Western Union Tel. Co. v. Mitchell, 91 Tex. 454, 44 S. W. 274, 40 L. R. A. 209, 66 Am. St. Rep. 906; Western Union Tel. Co. v. Carver (Tex. Civ. App.) 222 S. W. 333; Western Union Tel. Co. v. Cook, 45 Tex. Civ. App. 87, 99 S. W. 1131; Western Union Tel. Co. v. Hendricks, 26 Tex. Civ. App. 366, 63 S. W. 341; Western Union Tel. Co. v. Bowen (Tex. Civ. App.) 76 S. W. 613; Western Union Tel. Co. v. Hice et al. (Tex. Com. App.) 288 S. W. 175.

Article 2235, Revised Civil Statutes 1925, provides:

"New trials may be granted when the damages are manifestly too small or too large."

[4] The verdict of the jury in the case in county court was for the sum of $100. As heretofore stated, we are not advised what the testimony disclosed on the trial of the case in county court, and we are not warranted, under the facts and circumstances revealed by the record, in holding that the county judge abused the discretion given to him in the above statute, in setting aside the verdict of the jury.

Finding no error in the record, the judgment is affirmed.